UNITED STATES SLICING MACH. CO. v. WOLF, SAYER & HELLER, Inc.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1919.)

No. 2611.

PATENTS ☞328—INFRINGEMENT—SHARPENER FOR MEAT-SLICING MACHINES—SUCCESSIVE MOVEMENTS.

The Stuckart patent, No. 1,039,210, for a sharpening device on meat-slicing machines, by "successive" movements to bring one grinder against the bevel edge, which requires more sharpening, and then to take such grinder out of engagement with such edge and bring the other grinder against the flat edge, *held* not infringed by a sharpener to grind both edges at the same time, with a stronger spring against the grinder for the bevel side, though the grinder for the bevel edge comes in contact slightly before the other, and can be stopped there.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the United States Slicing Machine Company against Wolf, Sayer & Heller, Incorporated. Decree for defendant (243 Fed. 412), and plaintiff appeals. Affirmed.

Frank T. Brown, of Chicago, Ill., for appellant.
Max W. Zabel, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Appellant's suit on the Stuckart patent, No. 1,039,210, September 24, 1912, for a sharpening device on meat-slicing machines, was dismissed on the ground that appellee's sharpener does not infringe.

Slicing machines and various sharpening devices were old. In the standard machine a rotary steel disk, slightly dished, is the slicer. The concave side terminates in the flat face of the cutting edge; the convex side, in the bevel face. The bevel face requires more grinding, as the flat face should be kept flat. On the flat face nothing is required but grinding away the burr or wire edge caused by grinding the bevel. Prior machines had sharpening means consisting of two grinders which normally were held away from the knife and which by movement of a lever were thrown into contact with the bevel and flat faces at the same time. Stuckart described an improved means in which one grinder was brought against the bevel face first, and then, after the bevel face was ground and while the grinder on that side had no farther movement toward the knife, the other grinder was independently brought against the flat face. In the Patent Office Stuckart distinguished his device from the prior art by pointing out that the movements of his grinders were "individual and successive."

On this disclosure Stuckart claimed:

"In a device for sharpening the rotary circular knife of a slicing machine, the combination of a sharpener movable into and out of engagement with the back of the knife, a sharpener movable into and out of engagement with the front of the knife, and means for causing such movements to be successive."

Appellee's sharpener, like those of the prior art, has two grinders on one support. When the lever is in one of its locked positions, the grinders are held away from the knife. When the lever is in the only other locked position that is provided, the grinders come into contact with the two faces with intended and practical simultaneity. On the bevel side a strong spring gives hard grinding, and on the flat side a weak spring gives light grinding; but both at the same time. Thus used, appellee's device obviously does not infringe.

But appellant proved a use in a meat shop wherein the lever of appellee's sharpener was stopped at a point between the "off" and "on" notches. When the lever is at such intermediate point one grinder contacts with the bevel face while the other is still away from the flat face, and when the lever is moved farther to the "on" position both grinders are in contact with the knife. No evidence was offered that appellee advised or knew of such use, which is contrary to its witnesses' sworn statement of intended operation. But even such use cannot, in our judgment, be counted as an infringement.

When appellee's lever is stopped at an intermediate point, the strong spring holds one of the grinders against the bevel face. When the lever is moved farther on, so that the other grinder contacts with the flat face, the first grinder is still strongly held against the bevel face. Thus the first and solitary grinding of the bevel face is ground over, and the actual sharpening is the result of the joint and synchronous action of the two grinders.

Appellee's sharpener is that of the prior art, with the addition of the contrastingly tensioned springs. Probably no sharpener of that type was ever built, or ever could be, in which the two grinders would touch the sides of the knife with exact mathematical simultaneity So every owner of an old sharpener would be found guilty of infringement on proof that in use the one grinder bore against the bevel face before the other touched the flat face, if such "successive" movements were within Stuckart's monopoly. Of course the claim cannot be allowed to have that retroactive grasp. "Successive," in Stuckart's combination, must be held to apply to those movements of the two grinders that are separate and independent of each other in time and place.

The decree is affirmed.