### ABBOTT COIN COUNTER CO. v. STANDARD—JOHNSON CO., Inc.

(Circuit Court of Appeals, Second Circuit. Decided January 7, 1924.)

#### No. 139.

Patents ☞328—1,080,381, claim 1, for coin-counting machine, held not infringed.
    Smith patent, No. 1,080,381, claim 1, for a coin-counting machine, having a *stationery* shell and rotary bottom, and an opening in the wall of the shell to expose the bottom, with a gate spanning the opening, *held* not infringed, considering the state of the art.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in equity by the Abbott Coin Counter Company against the Standard-Johnson Company, Inc., for the infringement of the Smith patent, No. 1,080,381, for a coin-counting machine, as to claim 1. From a decree dismissing the suit (290 Fed. 418), complainant appeals. Affirmed.

Julian S. Wooster, of New York City, for appellant.

Drury W. Cooper and George D. Richards, both of New York City, for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. The subject-matter of this suit is so clearly and fully set forth in the opinion of Campbell, District Judge, below, and we are so entirely in accord with his reasoning and conclusions, that our decision need not go into details.

The distribution and counting of coins, by dumping them on a rapidly revolving disc, with a periphery calculated to prevent the coins from flying off, and an outlet permitting the escape of coins of one size, through a counting device, on their way to a container, is not new. Smith's patent discloses no pioneer invention, and the single claim in suit is for a combination of a coin receptacle having a "*stationery* shell and a rotary bottom," and an "opening in the wall of the shell" to expose said bottom, with a "gate spanning said opening." The other elements of the claimed combination relate to the control and counting of coins after they escape from the revolving receptacle bottom, and need not be recited.

Considering the state of the art, and the language of the claim, no wide range of equivalents can be asserted for this patent; it may be assumed as valid within the exact scope of its disclosure, but the claim cannot be broadly read without invalidation by older patents. We are wholly unable to agree with appellant that "Smith gave the art the first commercially successful coin-counting machine of the centrifugal disc type"; on the contrary, we do not think that plaintiff's commercial machine is the device of the patent. That device had no commercial success.

Measuring the defendant's alleged infringing machine by the claim, as explained by the specification, we entirely agree with Campbell, District Judge, that, first, defendant's device has no "*stationery* shell"; and, second, it has no "gate," such as is disclosed. Gates generically were old. Smith has no monopoly in any other gate than the one he invented. Consequently infringement is absent.

Decree affirmed, with costs.