## DORSEY v. PILOT ELECTRIC CO.

### SAME v. S. S. KRESGE CO.

Circuit Court of Appeals, Second Circuit.
April 8, 1929.

No. 259.

212

Worthington Campbell and Redding, Greeley, O'Shea & Campbell, all of New York City, for appellant.

Asher Blum and Mock & Blum, all of New York City, for appellees.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). ▉ The critical question in claim 1 is the phrase "a bearing designed to hold the cover plate against movement away from the panel," and in claim 3, the phrase "said knob also serving to exert a pressure which is transmitted to the cover plate for holding it in place." It is not enough merely to read the language of the claims; they must be construed with the disclosure. While it is, of course, true that they should not be exactly confined to it, it is equally true that they do not extend beyond its functional significance. There is no high road between these two alternatives, and most patent litigation consists in picking one's way. As in any other written instrument, words are capable of many meanings; we must translate them into the underlying purpose of their user. We have here to ascertain, so far as we can, what Driggs meant; and confine his monopoly to that.

It seems to us that, even literally, the defendant's knob does not hold the cover against movement away from the panel. If the peripheral screw is not set, the dial as a whole is free to move away, except for the

set screw, when that is used. Certainly the knob does not so hold it; when properly set, it exerts no pressure on the panel. The same is true of claim 3. The knob exerts no pressure which is transmitted to the panel to hold it in place. The peripheral screw does that; the only possible pressure is when the whole dial has been pushed down upon the shaft, so as to exceed the existing pressure of the washer. This would be bad practice.

Ignoring, however, merely verbal correspondence, it is obvious that functionally the two devices are wholly different. Driggs established an elastic system anchored at one end to the bearing of the condenser shaft, and at the other against the outer face of the panel. When set up, the thrust of the cover against the panel was equal to the strain upon the bearings of the shaft. The spring washer made the shaft a part of the system. This was not true in the defendant's dial. We may assume that the washer was essential to the unity of the composite member, made up of the knob, washer, cover, disk, and scale. But this system did not include the shaft, and was complete without it. When taken from the shaft, it remained a mechanical unit, while Driggs' dial fell to pieces as soon as the shaft and its bearings in the condenser ceased to be an integral part. Manipulation demonstrates, just as speculation would suggest, that unless the pressure between the panel and the cover is very light the leaves of the condenser will be displaced, and perhaps even short-circuited. Nobody disputes that this will have an effect upon the capacity of the condenser.

The claims cannot, therefore, cover the defendant's apparatus, unless we are so far to generalize the disclosure as to include in the invention a quite different combination of parts; that is, unless we omit from the system one of its necessary elements. Driggs suggested nothing of the kind, but by the language of his claims incorporated the specific organization which he disclosed. The putative commercial embodiments of the patent, Exhibits 8 and 9, are not made in accordance with its disclosure at all. Like the defendant's, they are units which subsist independently of the shaft. The patent can gain nothing from their popularity, unless the very question at issue is begged. The actual disclosure has never gone into practical use.

Of Ford's patent we need say very little. The defendant has not suggested that its second opening shall be used to mark stations corresponding to the other scale. On the contrary, that opening has its own scale,

which forbids any such use. It is possible, though extremely unlikely, that some one might clumsily use for such a purpose that scale which he did not need. But it is ill-fitted for the use, and perhaps insusceptible of it. In any case, it would be absurd to forbid the double scale, merely against the chance of such misapplication. We need not pass upon the issue of validity.

Decree affirmed as to Driggs' patent; decree modified as to Ford's, so as to dismiss the bill only for noninfringement.