## FARIES MFG. CO. v. S. W. FARBER MFG. CO.

### No. 194.

Circuit Court of Appeals, Second Circuit.

Feb. 2, 1931.

Mock & Blum, of New York City (Richard E. Dwight, Asher Blum, and L. H. Surbeck, all of New York City, of counsel), for appellant.

Dodson & Roe, of New York City (Harry Lea Dodson, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

This suit is for infringement of patent No. 1,225,051 for a portable electric lamp; claims 1 and 2 are in suit. The patent was applied for July 6, 1916, and granted May 8, 1917. The claims are as follows:

"1. In a lamp, a standard, an arm pivoted thereon and carrying an illuminating element, a plate carried by the arm, guides formed upon the plate, and a shade proportioned to span the arm, removably engage the guides, and cover the illuminating element.

"2. In a lamp the combination with a standard, of an arm pivoted thereto and carrying a plate, guide members formed upon the opposite edges of the plate, and a shade provided with a slot properly proportioned to span the arm and with the edges of the slot engaging the guide members."

The construction of this lamp shows a standard, a vertical plate having vertical guides, a vertical movable shade which has a vertical slot and a round top. The vertical edges of the slot slide downwardly into the guides until the round top of the slot rests upon an arm. Thus resting on the arm prevents further downward movement, and a lateral or longitudinal movement is prevented by the guides. This construction provides a lamp shade which slides vertically in a downward direction in order to seat the top of the slot on the horizontal arm. It remains in this position, except that a reverse upward movement will unseat the shade. There are no fastening means used, and such means are expressly disclaimed. No fasteners are used or needed, for the guide is vertical, and gravity does not unseat the shade upon the arm as it might if the slot were horizontal.

The appellant's lamp has an upright to which a horizontal arm is pivotally connected. A shade is fastened to a large holder which is mounted above the arm. This holder is semicircular and is a clamp. It consists of a shallow horizontal channel-like piece with three set screws on the top. The bottom ends are bent inwardly so as to form ears for the shade. The shade is shoved horizontally into the clamp, and with a twisting motion, until it rests on the bottom of the ears, where it is held in place by the hand, and the screws are inserted or screwed down upon

the shade, thus clamping it into position. **To** detach the shade, it is necessary to loosen the screws and then the shade will become loose, and, if much motion is applied, will fall out of its holder or can be made to do so with a horizontal twisting motion. There is no sliding motion along guides as in appellant's device. The channel is wide to accommodate the glass shade. The clamp is wide enough to receive the thickest glass and the looseness or wabble of the shade is taken up by set screws bearing down on the shade. A loose metal collar is pressed over the glass flange. It has an outward rim forming a groove for the set screws. There are no guides.

Appellee argues that the screws are unnecessary in the appellant's device, but this is clearly erroneous. An inspection of the physical exhibit shows they are necessary to hold the shade in place or to make it movable in position.

On October 27, 1914, patent No. 1,195,-144 was applied for, and issued August 15, 1916, to McFaddin for a lamp fixture. It is earlier in point of time than that of the appellee. Whether or not it anticipates appellee's device or lamp, we need not say. It is sufficient to say that it justifies the appellant in its construction. It discloses an arm pivoted to a wall bracket on a portable standard, the supporting plate member is carried by the arm, a vertical channel is formed upon the plate, and the shade enters the channel by a vertical movement, and a reverse vertical movement unseats the shade. McFaddin's shade is removable as is that of the appellee. It spans the guides as the appellant's shade spans its arm. Both are above the arm wall; that of the appellee extends below the arm. The appellant's shade is removably engaged with the guide as is that of McFaddin. Assuming appellant's horizontal clamp to be a guide, McFaddin's vertical channel is likewise a guide, and the appellant's guide is horizontal, while the appellee's is vertical. Appellant's lamp is well within the claims of McFaddin. The principle of law applies that that which infringes, if later, would anticipate, if earlier. Knapp v. Morss, 150 U. S. 221, 14 S. Ct. 81, 37 L. Ed. 1059. By tilting the shade of appellant's lamp so that the channel is in a vertical position, the similarity in principle between McFaddin and the appellant is very marked.

They have clamping means to fasten the shade to the holder. McFaddin's is a clamping device while the appellant's is a set of screws used as a clamping means for holding the shade in position. Thus McFaddin shows a standard, an arm pivoted thereon and carrying an illuminating element; a plate carried by the arms; a channel or guide formed upon the plate, which channel is like that used in appellee's lamp; a shade which spans the arm and enters the channel; and a shade removable vertically by an upward sliding movement. There is no such identity of means and identity of operation, combined with the identity of result, in the appellant's lamp as to constitute infringement. Ingersoll v. Delaware & Hudson Co., 37 F.(2d) 465 (C. C. A. 2); Electric R. Signal Co. v. Hall R. Signal Co., 114 U. S. 87, 5 S. Ct. 1069, 29 L. Ed. 96.

The art was well developed when appellee entered the field with his lamp, and no wide range of equivalents may be given to him. I. T. S. Rubber Co. v. Essex Rubber Co., 272 U. S. 429, 47 S. Ct. 136, 71 L. Ed. 335; Abbott Counter Co. v. Standard Co., 296 F. 126 (C. C. A. 2). The elements of the patent must by fair construction and within the limitation thus required, in the light of the specifications, be found in appellant's device, to reach the conclusion that there is infringement. We are satisfied that the set screws are essential to the appellant's lamp; that the shade engages the holder horizontally so that its mounting would make it unstable without fasteners, and without the screws the shade would wabble in the holder. It is clear that it would not be a commercial success without them. Appellee's own witness on cross-examination admitted the screws were necessary for appellant's lamp. That the shade might not fall off is not important. Appellee must establish that the lamps are sold without the screws or that they may be used without the screws in ordinary commercial use. It has not succeeded in this claim. U. S. Slicing Machine Co. v. Wolf, Sayer & Heller, 257 F. 93 (C. C. A. 7); Dorsey v. Pilot Electric Co., 32 F.(2d) 211 (C. C. A. 2).

We conclude that infringement is not established.

The decree is accordingly reversed.