## BUCKINGHAM *et al. v.* SPRINGFIELD IRON CO.

*(Circuit Court, N. D. Illinois.* April 25, 1892.)

PATENTS FOR INVENTIONS—NOVELTY—PLOW BEAMS.
    Letters patent No. 231,147, issued August 17, 1880, to C. P. Buckingham, for an improvement in plow beams, consisting of "the combination of an upper and a lower flange, an upper and a lower fillet, and a concavity between the fillets on each side of the plow beam," are void for want of novelty.

In Equity. Bill by Ebenezer Buckingham and others against the Springfield Iron Company for an injunction and an accounting.

*L. V. Le Moyne,* for complainant.

*Banning, Banning & Payson* and *William A. Vincent,* for defendant.

BLODGETT, District Judge. The bill in this case seeks an injunction and accounting by reason of the alleged infringement of patent No. 231,147, granted August 17, 1880, to Catharinus P. Buckingham, for an "improvement in plow beams." The specifications state the invention to consist "in the combination of an upper and a lower flange, an upper and a lower fillet, and a concavity between the fillets on each side of the plow beam." And it is further stated—

"That the objects of the flanges are—*First,* to give strength to the plow beam where the strain is greatest, the tendency of the propelling and resisting forces being to straighten the beam out, producing the greatest strain at the top and bottom sides of the beam; and, *second,* by extending along and against the front and back edges of the clip, to hold the same firmly in its place, and prevent its turning on the bolt which secures it to the beam. The object of the fillets is to furnish a flat surface against which the flat-faced clip can be placed, rendering the beam interchangeable with other beams, which are secured to the plow by means of flat-faced clips. The object of the concavities is to lighten the beam by removing the metal of the beam from that part where the strain is least. I do not claim the flanges nor the concavities, nor a combination of them alone."

The patent has but one claim, which is:

"(1) In a plow-beam, the combination of an upper and lower flange, A, A′; an upper and a lower fillet, C, C′; and a concavity, D, between the fillets, substantially as shown, and for the purposes described."

Defendant demurs to the bill on the ground that the device is not patentable, and that such want of patentability appears upon the face of the patent itself. The court will, from common knowledge, take notice that it was old, at the date of this patent, to increase the strength of metal, or even wooden bars or beams, by flanges or ribs, when it was desired to secure additional strength without too great increase of weight, of which common practice, railroad rails, building and bridge beams and girders, and a variety of forms of angle iron, in general use for many years past, furnish a sufficient illustration. The fillets described in this patent are nothing but a smaller part of the flange so shaped as to furnish a shoulder or seat, against which the clip by which the share is fastened to the beam can rest. The concavity consists in making the

web or neck of the beam thinner than the top or bottom. In other words the metal neck or web of the beam between the top and bottom flanges is made as thin or light as practicable, as the patentee himself describes it, "for the purpose of lightening the beam by removing the metal of the beam from that part where the strain is least." The removal of this superfluous metal, of course, leaves a hollow or concavity between and parallel with the flanges. The patentee says he does not claim the flanges nor the fillets, nor a combination of them alone, evidently because he knew they were old; but his claim is for a combination of the flanges and fillets, and the concavity between them. Some scoffer said that "God could not help making valleys so long as he made hills;" and so it may be seriously and truthfully said of this device that with flanges and fillets at the top and bottom of the beam a concavity between them was a necessity, and it required no invention to produce it. The lateral expansion of the top and bottom of the beam, thereby making the flanges, made a greater or less concavity between them, so that the inventor did not invent a concavity, nor did he invent a new combination of flanges, fillets, and concavity, because the concavity would always be where there were flanges at top and bottom, and the central portion of the rail partly cut away to save metal. Such concavity is in the T railroad rails, in bridges and building girders and beams, and in fact any form of beams where the top and bottom are wider than the metal neck. The concavity is as old as flanges and fillets, and always, it may be said, goes with them, in such a structure as this. For these reasons, I think the patent is void for want of novelty; and the bill is dismissed for want of equity.