### ELLIS–FOSTER CO. v. REICHHOLD CHEMICALS, Inc.

No. 10643.

United States Court of Appeals
Third Circuit.

Argued May 9, 1952.

Decided June 26, 1952.

William D. Burrows, New York City (Lindabury, Steelman & Lafferty, Newark, N. J., on the brief), for appellant.

Harry C. Bierman, New York City, for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This is a suit for patent infringement, the subject matter a patent to Ellis, No. 2,063,542. The trial judge made extensive findings of fact, D.C., 88 F.Supp. 236, all of which favored the plaintiff except one and that one was fatal. He found that the Ellis patent was anticipated by the disclosure in Humphrey patent 2,025,947. This original finding was adhered to, D.C., 100 F.Supp. 594, when, at the plaintiff's request, we sent the case back, after appeal, for the reception of evidence alleged to be newly discovered and important.

The subject of the patent is interesting. It has been explained to us clearly in a very able presentation on behalf of the appellant, in which we have been led through the chemistry of the reactions of maleic acid on rosin and the esterification of the resulting tribasic acid by heating with glycerine. The chemistry involved is both theoretically interesting and commercially important in the lacquer and varnish industry.

The view we take of the case makes it unnecessary to consider whether Humphrey anticipated Ellis or not, or even to consider whether, as an original proposition, invention is involved in reacting maleic acid with rosin to form a tribasic acid before esterification with glycerine. We think the case turns on a question of law concerning a foreign invention for which patents were applied for in Germany, England and the United States prior to the Ellis date of invention in this country.

The plaintiff admits that his invention was preceded in time by the discovery of Krzikalla and Wolff in Germany. Applications for a patent on the invention were filed by Krzikalla in Germany on March 15, 1930 and in England on May 12, 1930. The United States application date for this invention is February 16, 1931. But the date for the Ellis invention, according to a finding by the trial judge, was September 8, 1931 and the date for patent application was May 20, 1932.

The following table presents the significant dates:

### Chronology

| | |
|---|---|
| Krzikalla German Application | March 15, 1930 |
| Krzikalla British Application | May 12, 1930 |
| Krzikalla U. S. Application | February 16, 1931 |
| Ellis invention date | September 8, 1931 |
| Krzikalla British Patent issued | September 17, 1931 |
| Ellis U. S. Application | May 20, 1932 |
| Krzikalla U. S. Patent Granted | April 28, 1936 |
| Ellis U. S. Patent Granted | December 8, 1936 |
| German Krzikalla Patent Granted | June 29, 1939 |

These dates do not require further comment. They speak for themselves. They do not answer our legal questions but they provide the factual data out of which an answer can be built.

■ There is a general principle applicable to the right to a patent. It is that the patentee must be the first inventor.[1] This is the rule one would expect to find pursuant to the purpose declared in the Constitution:

"To promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writ-

---

1. R.S. § 4886, 35 U.S.C.A. § 31. See Thompson v. Hall, 1889, 130 U.S. 117, 9 S.Ct. 497, 32 L.Ed. 876; Tilghman v. Proctor, 1880, 102 U.S. 707, 713, 26 L. Ed. 279; Alexander Milburn Co. v. Davis-Bournonville, 1926, 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651; Gotz v. Universal Products Co., 3 Cir., 1939, 107 F.2d 40, 41; Dennis v. Pitner, 7 Cir., 1939, 106 F.2d 142, 150; Biesterfeld, Patent Law, 36 (2d ed.1949); Stringham, Outline of Patent Law, p. 154 (1937).

ings and discoveries". Article I, Section 8.

■ An important rule, applying the general principle just stated, is that, in a case where there is no foreign element involved, either as to invention or inventor, the application to the United States Patent Office speaks as prior invention as of the application date. Alexander Milburn Co. v. Davis-Bournonville, 1926, 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651.[2] The rule holds both as to inventions disclosed and claimed and to those disclosed but not claimed.

On facts not disputed Krzikalla was not only the first inventor of that which was claimed here, but he was the first applicant for a patent in Germany, England, and the United States. What, then, is to let Ellis in ahead of Krzikalla? Plaintiff says that R.S. § 4923, 35 U.S.C.A. § 72 makes him an exception to the broad general rule. It reads:

"Whenever it appears that a patentee, at the time of making his application for the patent, believed himself to be the original and first inventor or discoverer of the thing patented, the same shall not be held to be void on account of the invention or discovery, or any part thereof, having been known or used in a foreign country, before his invention or discovery thereof, if it had not been patented or described in a printed publication."

■ There is no dispute that Ellis believed himself to be the first inventor at the time of his application. It is clear also that a mere use or reduction to practice in a foreign country cannot invalidate a patent obtained under this statute.[3]

But that does not answer the questions raised in this case based on the date table set out above. We have here a domestic application, based, it is true, upon a foreign invention, but which precedes the plaintiff's domestic invention date, as it was found by the trial court.

The plaintiff, however, claims that the Supreme Court in the Alexander Milburn company case, above cited, indicates a result which supports the Ellis claim. Here is the language relied upon:

"The policy of the statute as to foreign inventions obviously stands on its own footing and cannot be applied to domestic affairs." 270 U.S. at page 402, 46 S.Ct. at page 325.

■ As we understand the court, it merely announces that there is an exception to the first inventor rule in the case of foreign inventions, as the statute says. This is certainly true in the case of a foreign reduction to practice which is not published or patented. But the court did not say the exception applied where the foreign invention was the basis of an application in this country. We are convinced that the above quoted statute refers only to practice and patenting abroad and has no bearing upon United States applications based on a foreign invention.

Another statute which is relevant to our consideration here is R.S. § 4887, 35 U.S.C.A. § 32, the second paragraph of which provides as follows:

"An application for patent for an invention or discovery or for a design filed in this country by any person who has previously regularly filed an application for a patent for the same invention, discovery, or design in a foreign country which, by treaty, convention, or law, affords similar privileges to citizens of the United States shall have the same force and effect as the same application would have if filed in this

---

2. See also Smith v. Kingsland, 1949, 85 U.S.App.D.C. 284, 178 F.2d 26, 29; Permo, Inc., v. Hudson-Ross, Inc., 7 Cir., 1950, 179 F.2d 386, 389; Application of Beck, 1946, 155 F.2d 398, 401, 33 C.C.P.A. (Patents) 1060; Burroughs Wellcome & Co. v. Eli Lilly & Co., 2 Cir., 1945, 150 F.2d 946; Walker on Patents (Deller's Ed.) § 26, p. 137.

3. Most of the cases cited by appellant stand for this proposition. See Celanese Corp. v. Ribbon Narrow Fabrics, 2 Cir., 1941, 117 F.2d 481; Southern Electro-Chemical Co. v. E. I. DuPont de Nemours & Co., 3 Cir., 1927, 20 F.2d 97; City of Milwaukee v. Activated Sludge, 7 Cir., 1934, 69 F.2d 577; Westinghouse Mach. Co. v. General Electric Co., 2 Cir., 1913, 207 F. 75.

country on the date on which the application for patent for the same invention, discovery, or design was first filed in such foreign country: * * * ."[4]

The Supreme Court has considered and discussed the policy inconsistency between this statute and 35 U.S.C.A. § 72 previously quoted. In Electric Storage Battery Co. v. Shimadzu, 1939, 307 U.S. 5 at page 13, 59 S.Ct. 675, 681, 83 L.Ed. 1075, Mr. Justice Roberts says, "Thus, if a diligent domestic inventor applies, in good faith believing himself to be the first inventor, Section 4923 assures him a patent and gives it priority, despite prior foreign use, even though that use is evidenced by a patent applied for after the invention made in this country. The foreign applicant or patentee cannot carry the date of his invention back *of the date of application in this country,* as the holder of a later patent for an invention made here would be permitted to do in order to establish priority." (Italics ours.)

We do not think the reference to the date of application in this country was inadvertent on the part of the court. We think that it shows that the foreign inventor may rely on this date. If he can, the chronological table shown above shows that Krzikalla is first.

It is worth noting that a foreign inventor who acquires a United States patent under the International Convention and R.S. § 4887 can carry his date of invention back to his foreign filing date in a suit by him against a local infringer who relies only on prior art and not on R.S. § 4923. This is confirmed by the Shimadzu decision, cited above, which allowed the foreign inventor to carry his invention date back of his United States application date. But we do not need to apply the rule here. The United

States filing date, we think, is sufficient to take care of the problem of this case.

The trial judge found for the plaintiff on this issue largely on the authority of Vacuum Engineering Co. v. Dunn, 2 Cir., 1913, 209 F. 219 which is foursquare on the facts in the plaintiff's favor. The opinion in this case, however, precedes the Supreme Court opinions in the Milburn and Shimadzu cases and is inconsistent with the views there expressed.

The plaintiff says, however, that the question of priority between Ellis and Krzikalla cannot be raised in this proceeding but can come up only in an interference proceeding between those two parties. The Commissioner's opinion in Viviani v. Taylor v. Herzog, 1935, 72 U.S.P.Q. 448 is cited to support this view.

We do not think this position is good law or good sense. We see no reason why the Ellis patent is to be protected from attack by anyone who would be harmed by an infringement suit in which its validity is relied on. The defendant is, in the absence of unfair competition, entitled to use the Ellis process or any other process he pleases, unless someone with a patent on that process can stop him. But Ellis, or his assignee, does not have such a patent because Krzikalla got there first with a United States application. Ellis then does not qualify for a statutory monopoly and neither, of course, does his assignee. The case is not materially different from a suit against an alleged infringer who defends himself by proving a patent is void for want of invention. This is all part of the day to day business of the courts.

We reach the same result as the district court but for different reasons.

The judgment will be affirmed.

4. The statute then goes on to provide that the application must be made in this country within twelve months from the earliest date on which the foreign application was filed. This was complied with in the case of the Krzikalla patent. This is the statute enacted to implement the "Convention of the Union of Paris of March 20, 1883, For the Protection of Industrial Property." 25 Stat. 1372.

See Article Four of the Treaty. The treaty is printed in Walker on Patents (Deller's Ed.) at page 1038. It provides for the granting of reciprocal rights among inventors of the signatory nations granting a limited right of priority in all the signatories to an inventor who applies for a patent under the convention.