**CONTINENTAL FARM EQUIPMENT CO.,**
**Inc. v. LOVE TRACTOR, Inc.**

No. 14385.

United States Court of Appeals
Eighth Circuit.

Oct. 22, 1952.

I. Joseph Farley, Detroit, Mich. (Farley, Forster & Farley, Detroit, Mich., on the brief), for appellant.

Eugene C. Knoblock, South Bend, Ind., for appellee.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

COLLET, Circuit Judge.

The plaintiff, Love Tractor, Inc., brought this action in the District Court for the District of Nebraska to restrain the defendant, Continental Farm Equipment Company, Inc., from infringing plaintiff's patent No. 2,320,624 on a disc harrow, and for damages for past infringement. Defendant answered that plaintiff's patent was invalid for want of invention, that the disc which defendant was making and selling did not infringe, and counterclaimed for damages to its business resulting from plaintiff's notices to its customers to cease selling implements infringing plaintiff's patented product. After trial and an inspection of plaintiff's disc and defendant's accused implement, the trial court held plaintiff's patent valid and infringed, issued the injunction requested, dismissed defendant's counterclaim and retained jurisdiction for the purpose of determining plaintiff's damages in the event they were not agreed upon. It is from that judgment that this appeal is prosecuted.

The principal question for decision is the validity of plaintiff's patent. It is assailed upon the ground that plaintiff's implement is really only an aggregation of three principles demonstrated by prior patents and past uses, combined by plaintiff by the application of mere mechanical skill and without need for or resulting from inventive genius. There is no real difference between the parties concerning the applicable law by which invention is distinguished from mechanical skill, although there is a differ-

ence of opinion as to the application of the rule laid down in Cuno Engineering Corp. v. Automatic Devices Corp., 314 U. S. 84, 62 S.Ct. 37, 86 L.Ed. 58, Great A. & P. Tea Co. v. Supermarket Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162, and related cases, to the facts of this case. The controversy necessarily requires a scrutiny of plaintiff's patent in the light of the prior art and former uses of the constituent parts of plaintiff's product.

Plaintiff and defendant refer to the implement involved as a disc harrow. We shall call it a disc. It is a farm tool used for the cultivation of the soil. For many years, discs have been used on the farm. Both before and after the use of tractors they have been pulled over the ground to cut and loosen the top soil or to serve the same function after plowing. The old-style discs were constructed by threading saucer-shaped steel discs with sharp outside cutting edges on a steel shaft with spacers between each disc. We will refer to such an accumulation of parts as a gang or section. An implement called a single disc consists of two of these gangs placed end to end and held in that position by an appropriate frame. On many of the old types the outer ends of each gang were pivoted so that the inner ends of each gang could be moved forward or backward by means of a lever so that the two gangs would have the shape of a flattened "V" ( $\diagdown\diagup$ ) When the gangs were in that position the disc penetrated the soil deeper and also turned it as the implement was pulled through the soil. This characteristic of the inner end of the gangs being susceptible of being moved backward or forward is called "adjustability" by the parties. On many of the old types the outer ends of each gang were also pivoted in such a manner as to permit each gang to tilt on its horizontal axis, enabling the inner end of each gang to move up and down. This was for the purpose of permitting each gang of the disc to follow the contour of the ground it was passing over and to cultivate it evenly although the surface of the soil might be uneven. This characteristic is called "floatability." Tandem discs consist of two pairs of gangs, one pair be-

hind the other, for the purpose of doubly cultivating the soil in one operation. Although defendant manufactures and sells both a single and tandem disc, after the inspection and demonstration of both during the trial, plaintiff withdrew its charge of infringement insofar as the defendant's tandem disc was concerned. Defendant's single disc remains as the accused device.

After tractors came into use, for a long time they only pulled farm implements such as plows, discs, and harrows over or through the soil without undertaking to lift the entire implement off of the ground. In time a device was put into use by tractor manufacturers which was built into the tractor and by the application of a hydraulic apparatus would lift rigid implements such as a plow entirely free from the ground. This was accomplished by attaching the plow by hinges to a rigid draw bar fastened to the rear of the tractor comparatively low and near the ground, then attaching to the top of the frame of the plow or other implement a frame of strong material in the shape of an "A" ( $\diagup\diagdown$ ) with the legs of the "A" attached to each side of the frame of the implement and a brace from the top or apex of the "A" rearward and downward to a point on the rear part of the frame of the implement. When a drawbar was then attached to the front of the top or apex of the "A" and by the hydraulic device on the tractor this drawbar was pulled forward, the entire implement was raised and held in suspension on the hinges attached to the lower drawbar and by the hydraulic lifting device above. The characteristic of being susceptible of being lifted free from the ground is called "liftability."

Mr. Love was a tractor and farm implement dealer. He conceived the idea of making a disc which would have both the adjustability and floatability of the old discs, and also be liftable, like plows and other rigid implements. The principal problem to overcome in order to accomplish this was to so devise the disc as to permit it to be lifted without having the movable inner ends of the section sag down and not leave the ground when the implement was lifted. He accomplished that re-

sult. But was its accomplishment the result of inventive genius or by merely the application of mechanical skill? That is the crucial question.[1]

It is clear from the evidence that a proper frame for lifting had long before been devised and put into use. It is equally clear that the principles of adjustability and floatability had long since been recognized and applied with reference to discs. There is some question as to whether a nonfloatable liftable disc had not been devised and put into use more than a year before Mr. Love's patent application was made, but since we will not reach that question if the Love patent be found invalid for want of invention, we lay aside for the present the question of the possible legal effect of prior use of such a device.

█ The retention of the principle of adjustability in a liftable disc presented no serious problem. And the frame necessary to lift a rigid type implement having been in use for some time, liftability was not new or novel. From the view we take of what was necessary to be done and what was done to retain the principle of floatability, the accomplishment of that objective involved no inventive genius. It is true that defendant applied for and was issued a patent shortly after the issuance of the Love patent which accomplishes the result of liftability, adjustability, and floatability for discs in substantially the same manner as the Love patent. That patented device is the accused implement. Therefore, as plaintiff says, the defendant is a good witness for the patentability of plaintiff's similar device, if we could accept defendant's opinion on the question of patentability. The opinion of the Patent Office is entitled to and given great weight on the question of the validity of patents issued and the necessary attributes of patentability, including invention. Yet in the final analysis, invention is a question for the courts ultimately to decide. A. & P. Tea Co. v. Supermarket Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162. And in

this case if we give to the subsequent issuance of defendant's patent on its accused device a compelling presumption of validity, to do so would strike down plaintiff's claim of infringement. Because defendant's patent cannot be good and the device it describes be at the same time an infringement of plaintiff's previously patented device.

█ When combination patent claims are under examination, courts should scrutinize them with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. A. & P. Tea Co. v. Supermarket Corp., supra, loc. cit. 152, 71 S.Ct. 127, 95 L.Ed. 162. The trial court found that the application of the known means of lifting farm implements to a disc, and retaining the element of floatability, involved inventive genius. That finding will be sustained unless it be found to be clearly erroneous.

What was done to retain floatability in the liftable Love disc? We fail to find that anything of consequence was done that had not been done with nonliftable floatable discs except to so arrange the frame of the disc and to add the necessary supports for the inner ends of the sections to prevent them from dropping down too far when the implement was raised off the ground and at the same time provide sufficient tolerance in those supports to avoid interference with the adjustability of the sections.

█ That was simply and easily done, as shown in the specifications and drawings, by permitting the adjusting bars attached to the inner bearings near the inner ends of the gangs to carry part of the load and by placing a bar near the outer end of the gangs—beyond the outer bearings—to carry a portion of it. Also, as shown in the photograph of the models (Ex. 16 and 17), chains are shown supporting the inner ends of the gangs on the single disc and U-shaped supports for the inner ends of the rear gangs of the tandem disc. While the result of combining all three principles

---

[1]. Defendant raised the question of whether the Love patent sufficiently incorporated the principle of floatability in its claims and specifications, but as was done in the Cuno case, we pass that question to reach the question of invention.

made the implement more useful in that it was adjustable and floatable or flexible and could be lifted and carried by the tractor, yet the combination of the three known principles resulting in the better use of their functions created no change in their respective functions. It was a good idea and it made the disc more useful, but as stated in the Cuno case, 314 U.S. at page 90, 62 S.Ct. at page 40—

"that does not necessarily make the device patentable. Under the statute * * * the device must not only be 'new and useful', it must also be an 'invention' or 'discovery'. * * * Since Hotchkiss v. Greenwood, 11 How. 248, 267, 13 L.Ed. 683, decided in 1851, it has been recognized that if an improvement is to obtain the privileged position of a patent more ingenuity must be involved than the work of a mechanic skilled in the art."

We agree with the trial court that the mere fact that all the elements of the machine are old does not prevent their combination from becoming a patentable device;[2] that commercial success,[3] novelty, utility, imitation by those skilled in the art, and the practical satisfaction of a need long recognized, are some indication of the inventive thought required to produce the device;[4] and that sometimes, viewed after the event, the means adopted seem simple.[5] But we are unable to find anything that had to be done or that was done in combining the three principles of liftability, flexibility, and floatability which was the result of the application of more than mere mechanical ability. Hence, we fail to find adequate evidentiary support for the trial court's finding of invention. The validity of the patent cannot be sustained under those circumstances. Cuno Corp. v. Automatic Devices Corp., supra; A. & P. Tea Co. v. Supermarket Corp., supra; Trico Products Corp. v. Delman Corp., 8 Cir., 180 F.2d 529.

Having reached the conclusion stated, the other questions presented become immaterial. The judgment is reversed with directions to dismiss plaintiff's bill and for such further consideration of defendant's counterclaim as may be appropriate.

---

2. Leeds & Catlin v. Victor Talking Mach. Co., 213 U.S. 301, 29 S.Ct. 495, 53 L.Ed. 805.

3. Wahl Clipper Corp. v. Andis Clipper Co., 7 Cir., 66 F.2d 162.

4. Schering Corp. v. Gilbert, 2 Cir., 153 F. 2d 428.

5. Goodyear Co. v. Ray-O-Vac Co., 321 U.S. 275, 64 S.Ct. 593, 88 L.Ed. 721.