**GRAHAM et al. v. JEOFFROY MFG., Inc. et al.**

No. 14095.

United States Court of Appeals
Fifth Circuit.

Sept. 9, 1953.

Claude A. Fishburn, Kansas City, Mo., Clayton Heare, Amarillo, Tex., and Orville O. Gold, Kansas City, Mo., for appellants.

S. Tom Morris and Erwin C. Oschner, Amarillo, Tex. (Gibson, Ochsner, Harlan, Kenney & Morris, Amarillo, Tex., of counsel), for appellees.

Before HOLMES, BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment holding invalid Letters Patent No. 2,464,255 for a "Brace Clamp" used on an agricultural plow.[1] The District Court found the patent invalid, but, if valid, it had been infringed by the device of defendants.

Application for the brace clamp patent in suit was filed on July 1, 1946, and the patent was issued on March 15, 1949. It embodies a clamping device for holding the shanks of ground working tools, particularly of a chisel type, to the frame of a plow. William T. Graham is the alleged inventor of the device disclosed in the patent and Graham-Hoeme Plow Co., Inc., under a license agreement was granted its "full and complete use". Jeoffroy Mfg., Inc. is the corporate defendant sued by appellants for manufacture and sale of the accused structure. There is no dispute that infringement exists, the sole issue being whether the patent in suit is valid.

---

[1] The complaint, as originally filed, also included Letters Patent No. 2,493,811, issued January 10, 1950, and entitled "Vibrating Plow and Mounting Therefor", generally referred to as "spring clamp". The District Court held the patent on that device valid and infringed by defendants, and the correctness of that decision is in issue on the companion appeal, Jeoffroy Mfg., Inc., v. Graham and Graham-Hoeme Plow Co., Inc., 5 Cir., 206 F. 2d 772.

Both parties admittedly use what are commonly described as H-beams (or I-beams) on the frames of their plows, the shanks of the plows being fastened to the lower flange of the H-beams by clamping devices. The basic clamp of the device exhibited in the Graham patent, without the supporting brace,[2] had been used for a number of years before issuance of the patent. Beginning about 1940, considerable difficulty was experienced by a number of farmers in the northern and northwestern states from bending of the lower flanges of the H-beams on their plows, this bending being caused by the upward and rearward force exerted upon the shank from the operation of the plow. When clamps revealed by the prior art were used, they had been ineffective to prevent this distortion of the lower flange of the H-beam with respect to the vertical portion. Graham conceived the idea of improving the basic clamp device so as to eliminate this bending of the H-beam by means of better distribution of operational stress to its various parts. A brace was added extending from the rear base of the clamp diagonally upward so as to engage the upper web portion of the H-beam directly beneath its top flange, thereby distributing a portion of the operational stress to the upper part of the beam and reducing the tendency of the lower flange and web to bend in operation.

Though the patentee, Graham, testified that he had designed and built a model of the brace clamp patent in suit as early as 1940, it is practically undisputed that he did not manufacture the clamps commercially until 1950. However, there is some evidence that in the Spring of 1946, through his salesmen, Graham had advised his dealers and farmers using his plows to weld such braces on the clamps and had paid the dealers for the suggested modification. Appellees commenced the manufacture and sale of their brace clamp device in the latter part of April, 1947.

Appellants contend that the District Court erred in failing to hold: (1) that the idea of the brace clamp embodied in the patent in suit involved invention and not mere mechanical skill; (2) that the patents revealed in the prior art, and particularly those in the railroad industry relied upon by appellees, do not anticipate the claims of the patent here involved; and (3) that the patent being valid and infringement admitted, plaintiffs are entitled to injunctive relief and damages.

Appellees concede that the patentee, Graham, was the first to apply an angular brace to the clamp of his plow so as to impart a portion of the force from operation of the plow shank to the upper part of the H-beam. However, they contend that Graham's idea was a mere improvement in a combination patent involving routine mechanical skill and not in any degree meeting the test of invention; that the improvement of the clamp by the addition of the diagonal brace was fully anticipated by the prior art, particularly that of the railroad industry; and that, even assuming invention did exist, the patent was invalid because it had been dedicated to public use for more than a year prior to the date of the application.

For many years before issuance of the Graham patent in suit, various types of clamps and braces had been in use in the railroad industry. The Cowdrick Patent, No. 527,668, issued October 16, 1894, the Friedman Patent, No. 997,664, issued July 11, 1911, the Althouse Patent, No. 1,053,264, issued February 18, 1913, and the Andrew Patent, No. 1,061,801, issued May 13, 1913, all exhibit various types of diagonal braces for railroad rails strikingly similar, if not identical, to the brace of the Graham patent. Moreover, a number of prior patents for agricultural implements reveal that various braces and clamps were then commonly known and used in the prior agricultural art.[3]

2. The clamp without the brace is well illustrated in the Noell-Hoeme patent No. 2,029,249, models of which are before the Court as physical exhibits.

3. Though admittedly they do not teach the exact combination of clamp and brace

shown in the Graham patent, the following patents do reveal various types of clamps for attaching ground tools to the frames of agricultural implements, and various kinds of angular braces common to the industry. See the Rankin patent,

■ On the issue of anticipation of the Graham Device by the prior railroad art, appellants insist that as a practical matter a person skilled in the agricultural implement industry may not be charged with knowledge of all prior developments in the non-analogous railroad industry in determining whether his development constitutes invention. It is generally true that the problems incurred in the development of the agricultural implement art are different from those encountered in the railroad industry; nevertheless, when we consider the specific problem here involved in the light of common knowldge that these H-beams (or I-beams), though differing in size and structural strength, naturally bring to mind similarly shaped steel railroad rails we think the prior railroad art constitutes proper reference on the issue of anticipation. See Buckingham v. Springfield Iron Co., C.C.N.D.Ill., 51 F. 236.

The District Court, in holding the patent invalid for lack of invention and anticipation by the prior art, found that when the bending and breakage of the beams on the plows occurred two individuals, Floyd W. Tyler and J. A. Robinson, independently and without any knowledge of the Graham device, developed and used an angular brace to reinforce their clamps and plow beams very similar to that of the patent in suit.[4] In this connection, appellees concede that the Graham structure probably antedated the Tyler and Robinson developments and, therefore, that the latter may not be relied upon for the purpose of anticipating Graham. However, even though these developments admittedly do not rise to the dignity of patentable invention, we think they nevertheless remain significant as tending to reveal spontaneous and independent solutions of the problem without any knowledge of the Graham device by ordinary un-skilled farmers and laymen, and effectively refute appellants' claim that the Graham patent involved any invention, or anything beyond the skill of an ordinary workman or mechanic.

■ The state of the prior art and the independent development by Tyler and Robinson restrict the present inquiry to the issue of whether a combination of the basic clamp with the particular type brace exhibited by the Graham patent is sufficient to constitute invention. We think that the District Court correctly held it was not. The mere use of a brace to distribute stress and provide added strength and resistance in a structure does not constitute patentable invention, but is one of the simplest and most commonly used mechanical expedients known. See Smith v. Magic City Kennel Club, Inc., 282 U.S. 784, 792, 51 S.Ct. 291, 75 L.Ed. 707; Walker Mfg. Co. v. Illinois Brass Mfg. Co., 7 Cir., 265 F. 279; Stevenson v. Shalcross, 3 Cir., 205 F. 286; W. F. & John Barnes Co. v. Vandyck Churchill Co., 2 Cir., 213 F. 636. In the case of Great A & P Tea Co. v. Supermarket Corporation, 340 U.S. 147, 152–153, 71 S.Ct. 127, 130, 95 L.Ed. 162, the Supreme Court, in holding a combination patent void for lack of invention, stated:

"Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. The function of a patent is to add to the sum of useful knowledge. Patents cannot be sustained when, on the contrary, their effect is to subtract from former resources freely available to skilled artisans. A patent for a combination which only unites old elements with no change in their respective functions, such as is presented here, obviously

No. 882,839, March 24, 1908; the Barrett patent, No. 1,544,795, July 7, 1925; the Parmer patent, No. 2,073,169, March 9, 1937; the Noell patent No. 2,029,249, January 28, 1936; and the Jeoffroy patent, No. 2,082,163 June 1, 1937.

4. Appellants contend the evidence shows that Graham, through his salesmen and dealers, had instructed Tyler and Robinson how to attach their braces to their plow clamps, in the manner taught by the Graham device. However, there is evidence to support the District Court's contrary finding, and we, therefore, do not disturb it.

withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men. This patentee has added nothing to the total stock of knowledge, but has merely brought together segments of prior art and claims them in congregation as a monopoly."

We are mindful of the presumption of validity that usually attends the issuance of a patent by the Patent Office,[5] and of the rule that, in determining whether invention exists in a given device, courts should guard against oversimplification through a hindsight view of the problem as originally encountered. See Mumm v. Decker & Sons, 301 U.S. 168, 171, 57 S.Ct. 675, 81 L.Ed. 859; Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U.S. 428, 435, 31 S.Ct. 444, 55 L.Ed. 527. Furthermore, we have no doubt that the Graham device is useful and has enjoyed commercial success. However, a study of its structure in the light of the cited prior patents and the Tyler and Robinson developments impels the conclusion that the attachment of a diagonal brace to the already existent clamp, as exemplified by the Graham patent, cannot constitute invention, for it merely reveals "a combination which only unites old elements with no change in their respective functions". Great A & P Tea Co. v. Supermarket Corporation, supra 340 U.S. at page 152, 71 S.Ct. at page 130.[6] See also Ritchie v. Lewis-Browning Mfg. Co., 5 Cir., 196 F.2d 434, 437; Continental Farm Equipment Co. v. Love Tractor, Inc., 8 Cir., 199 F.2d 202, 204; Kobe, Inc. v. Dempsey Pump Co., 10 Cir., 198 F. 2d 416, 429; Packwood v. Briggs & Stratton Corp., 3 Cir., 195 F.2d 971, 973.

The judgment is

Affirmed.

5. Appellees contend that this usual presumption of validity is not operative in appellants' favor here, since the Patent Office did not consider all of the pertinent prior art. See Jacuzzi Bros. v. Berkeley Pump Co., 9 Cir., 191 F.2d 632, 634.

6. The opinion in the A & P Tea Co. case, supra, further recites that "commercial success without invention will not make patentability." 340 U.S. at page 153, 71 S.Ct. at page 130.