**ROBINSON v. DIGAETANO.**
**No. 14650.**

United States Court of Appeals
Fifth Circuit.

April 15, 1954.

Rehearing Denied May 21, 1954.

———◆———

Chas. W. Bryan, Burton G. Henson, Tampa, Fla., for appellant.

Edward I. Cutler, Frank Massari, Massari & Patton, Cutler & Mittle, Tampa, Fla., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

RIVES, Circuit Judge.

This appeal is taken from the district court's holding that appellant's patent for a ventilated metal awning[1] is void and unenforceable for lack of invention and patentable novelty. The court invalidated appellant's patent on the basis of its finding that it was anticipated by the Matthews awning patent, which this

---

1.  United States Patent No. 2,591,610, filed December 9, 1946, and issued April 1, 1952.

Court held valid and infringed by the Houseman patent in Matthews v. Koolvent Metal Awning Co., 5 Cir., 158 F.2d 37.

Appellant here insists that in so holding the district court gave an unjustifiably broad construction and range of equivalents to the Matthews patent and this Court's decision, supra; that appellant's patent is not anticipated by the prior art Matthews device because it is not an equivalent structure, nor does it function in substantially the same way to effect substantially the same result as Matthews; that, in spite of the trial court's contrary holding,[2] the Robinson patent is a valid improvement patent entitled to protection, and exhibits patentable novelty and invention which, having been sustained by the Patent Office over the Houseman patent involved in the Matthews case, supra, should be held valid and infringed by appellee's substantially equivalent structure.

In support of the district court's holding, appellee insists that an inspection and comparison of Robinson's commercially manufactured awning device with a physical model of the Houseman patent in evidence,[3] reveals it is substantially equivalent in structure, method of operation, and result accomplished, to the prior Houseman device; that Robinson's use of a single piece of corrugated metal instead of the Houseman "covers and pans" structure, and Robinson's so-called special "flue and shield arrangement"[4] to permit upward escape of the heated air, in lieu of Houseman's prior method of permitting the air to escape "chimney-wise", are refinements which do not depart from the basic teachings of Houseman, but constitute mere mechanical alterations not disclosing utility or amounting to patentable invention; that, under such circumstances, the court properly recognized that appellant's patent was anticipated by Houseman's

2. Specifically, the district court held that: "Plaintiff's claimed functional novelty is not established in view of the claim in the Matthews patent referred to in the case, supra, in that accumulated hot air is permitted to escape in each. Therefore, the art of allowing air to circulate and inferentially escape by design construction of an awning was anticipated by the Matthews patent mentioned above. There was no invention since the Matthews patent described an awning which accomplished substantially the same as the one patented and manufactured by plaintiff in this case. There was, therefore, no infringement by defendant."

3. Though appellant's counsel attacks this model of the Houseman patent, held anticipated by Matthews in the Matthews v. Koolvent Metal Awning Co. case, supra, as not properly authenticated or admitted into evidence, Robinson admitted in his testimony that it was based on the Houseman patent, as follows:
   "Q. I want to show you a model of an awning and ask you whether you recognize the type of awning which I am showing you? A. I do.
   "Q. Who manufactured that awning? A. It was manufactured under the trade name of Koolvent.
   *   *   *   *   *   *
   "Q. You say you know that Houseman patent was declared invalid? A. Yes.

"Q. * * *—that is this Koolvent article here, is it not? A. Yes."

4. Claim 2 of the Robinson patent sets forth the construction of this arrangement thus:
   "A ventilating awning made of suitable sheet material, said awning comprising a corrugated roof section and corrugated end sections, the corrugations of said end sections being upright and some of said corrugations being formed with upright slots to provide for the escape of heated air, in combination with a combined shield and flue located transversely over the upper end portion of said roof sections, said flue having an open bottom and the upper-most portions of said roof section corrugations being cut away beneath the open bottom of said flue, said combined shield and flue having an upright wall, said upright wall having a narrow inclined flange along its lower edge, said inclined flange abutting the upper end of the roof section, said upright wall being also provided with a broad shielding portion extending outwardly and downwardly from its upper edge, said shielding portion being in engagement at its outer edge with said roof section, the upper end of said roof section being amply cut away adjacent said flange and substantially within the cross sectional contour of said flue to afford a most efficient natural ventilation of the awning."

which, in turn, this Court held anticipated by Matthews, Matthews v. Koolvent Metal Awning Co., supra; that, in any event, assuming the validity of Robinson's patent, there was no infringement in the manufacture of appellee's awning because of the clearly revealed structural differences.

Whatever might have been said in favor of the validity of appellant's patent prior to the decision of the Supreme Court in Great A. & P. Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162, we think it clear that since that decision it is not entitled to protection. Cf. Jeoffroy Mfg. v. Graham, 5 Cir., 206 F.2d 772, 776. In the case last cited, this Court interpreted the decision in the Great A. & P. Tea Company case, supra, as enunciating "a more strict test of invention than existed theretofore", and making it the duty of Federal courts to examine improvement patents closely to determine whether they comply with the higher standard of novelty now required in order to vest a patentee with the monopoly which a valid patent grants. Viewing appellant's patent in the light of the prior Matthews and Houseman patents, and this Court's decision in the Matthews v. Koolvent Metal Awning Company case, supra, we think it signally fails to meet the prescribed test.

■ Appellant's attempt to show patentable novelty in the "flue and shield" construction of his awning and the shield's added function as a "flashing" to divert water and serve as an attachment of the awning to the wall, as well as a brace, will not avail; for, though the Patent Office may occasionally be confused by varying terminology so that it is induced to issue patents which are invalid as lacking in invention, it is our duty to observe realities and recognize that, whether this component member be called a "shield" or a "flashing", the descriptive term used does not basically change its function and purpose, or bestow upon it any inventive novelty. The concept of bending metal to operate as a flashing is a non-patentable process, see Cheney Company v. Cunningham, D.C.W.D.Pa., 37 F.Supp. 224, 227, affirmed per curiam, 3 Cir., 127 F.2d 294, and this Court has recently held that "The mere use of a brace to distribute stress and provide added strength and resistance in a structure does not constitute patentable invention". Graham v. Jeoffroy Mfg., 5 Cir., 206 F.2d 769, 771. Furthermore, whether the air be vented through a "flue", as claimed in appellant's structure, or "chimneywise", as in the Houseman awning, the result is the same; i. e. escape of the air upward or vertically, rather than laterally. While the idea of manufacturing appellant's awning in one solid piece of corrugated metal, rather than in appellee's form of a separate metal frame with removable sliding covers, may tend to establish greater convenience and economy, we think it insufficient to endow appellant's structure with any inventive novelty.

■ It is true, as appellant suggests, that neither the Houseman patent nor the Matthews patent was introduced into evidence, and in a closer and more doubtful case this defect in the record might well justify a reversal and remand, in order that the specific claims of all prior art patents relied upon might be fully considered by the court on the issue of anticipation. However, in view of the principle that the language or terminology of the patent claims need not be similar in order to determine whether a patent is invalid because of the prior art, cf. Pacific Marine Supply Co. v. A. S. Boyle Co., 9 Cir., 103 F.2d 288, we think this deficiency in the proof, though regrettable, is insufficient to warrant reversal here, particularly since we may take notice of the prior art Matthews and Houseman patents described by this Court in Matthews v. Koolvent Metal Awning Co., supra. See Tolfree v. Wetzler, D.C.N.J., 22 F.2d 214.

■ We think there remains for consideration only appellant's suggestion that the Patent Office, having sustained his device over the Houseman patent, the district court was not entitled "to override the legal presumption and judgment of the Patent Office in favor of the

**4**

Robinson patent over a cited reference."[5] While the presumption of validity which normally attends the issuance of a patent by the Patent Office is somewhat strengthened by its consideration and rejection of the patent relied upon to establish anticipation, see Southern States Equip. Corp. v. USCO Power Equip. Corp., 5 Cir., 209 F.2d 111, 118, it is nevertheless our province to determine when, as here, that presumption has been overcome. The concurring opinion of Mr. Justice Douglas and Mr. Justice Black in the Great A. & P. Tea Company case, supra, 340 U.S. 147, 71 S.Ct. 132, states that the ultimate "question of validity of a patent is a question of law" for the courts, and that admonition should make us mindful of our duty to restrict upon judicial review "the pressure to extend monopoly to the simplest of devices". 340 U.S. at pages 155, 156, 71 S.Ct. at page 132.

In view of our holding that no patentable novelty or invention exists, we think it unnecessary to consider or pass upon the issue of infringement. The judgment is

Affirmed.

---

5. While the Houseman patent was considered and rejected as an interference in the Patent Office proceedings, the

Matthews patent was not cited or considered by it as a reference.