MICHIGAN MAGNETICS, INC., Plaintiff,

v.

The NORTRONICS COMPANY, Inc.,
Defendant.

No. 4–62–Civ–331.

United States District Court
D. Minnesota,
Fourth Division.

Sept. 29, 1965.

Fred S. Lockwood, Chicago, Ill., and
Paul J. McGough, Minneapolis, Minn., for
plaintiff.

John D. Gould and Kenneth D. Seig-
fried, Minneapolis, Minn., for defendant.

DEVITT, Chief Judge.

In this patent infringement action involving the construction of magnetic recording heads for use in the tape recording industry, the principal issue is as to the validity of the patent in the light of the claimed obviousness of its subject matter examined in the light of the prior art.

The Court has jurisdiction. 28 U.S. C.A. § 1338(a).

The patent, Moehring and Murphy #2,835,742, embodying nine claims, was issued to plaintiff's assignor on May 20, 1958. Claims 2, 3 and 4 are the only ones in issue. Claim 2, admittedly representative of all, is set out in the footnote.[1]

Plaintiff and defendant are each engaged in the manufacture and sale of magnetic pick-up heads for tape recorders. The head is a cartridge-like element over which magnetic tape runs during the operation of a tape recorder. During the recording operation the head serves to impart a series of magnetic signals to the tape on which the signals are recorded. When the re-wound tape is passed over the head it plays back the recorded signals. Together the plaintiff and defendant produce practically all of the recording heads for the industry.

Plaintiff claims that the defendant is producing and selling magnetic heads which infringe its patent and seeks an injunction and damages.

Defendant denies infringement, claims the patent is invalid and asserts the defenses of equitable estoppel and laches.

We turn to the issue of validity.

Under 35 U.S.C.A. § 282 a patent is presumed valid, and the burden of establishing invalidity rests on the party asserting invalidity, the defendant here. Long v. Arkansas Foundry Co., 247 F.2d 366 (8th Cir. 1957). Such a presumption is not conclusive, however, and is weaker in instances of so-called combination patents, since a rather severe test must be applied in light of the difficulty and improbability of finding invention in the assembly of old elements. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950); Sperry Rand Corp. v. Knapp-Monarch Co., 307 F.2d 344 (3rd Cir. 1962); Zoomar, Inc. v. Paillard Products Co., 258 F.2d 527 (2nd Cir. 1958). Likewise, the presumption is weakened when the patent examiner, as here, apparently did not consider certain applicable prior art. John Deere Co. of Kansas City v. Graham, 333 F.2d 529 (8th Cir. 1964).

One of plaintiff's principal witnesses was Charles Murphy, co-inventor of the patent. His testimony (Record p. 214 et seq.), reflective of that of other witnesses for the plaintiff, was to the effect that the signal features of his patent are:

(1) a grinding and lapping of core pieces and core holders (case halves) into common flat planes, enabling the defining of straight and uniform gaps in the recording heads;

(2) the use of a single coil with single connections;

(3) the simplicity of the complete set of parts enabling the easier

1. A magnetic pick-up head for tape recorders comprising a case formed of molded symmetrical halves engaged along a parting plane through the center portion of the case, said halves having mating coil receiving recesses formed therein with grooves opening to the parting plane between the recesses and one side of the case, generally U-shaped magnet cores disposed in said grooves and recesses with an inner arm of each core projecting into opposed abutting engagement with the corresponding arm of the other core in the center of the recesses and with the other arms of the cores extending in oblique direction toward each other and through the side of the case, the side of the case and the exposed ends of the cores being finished in a flush surface, a magnet coil in said recesses disposed around the inner arms of said magnet cores, and a very thin non-magnetic separator strip disposed between the opposed ends of the outer arms of said cores, said cores being individually fixedly secured in said halves and said halves and the ends of said cores herein being finished in common flat planes.

and economical production of high-quality recording heads.

The record is abundantly clear that all of this is prior art. It is undisputed that (1) above, the grinding and lapping processes, previously had been used in the manufacture of multi-channel heads. Murphy admitted that the process was shown in Eckert, #2,618,709, November 18, 1952.

It is also undisputed that (2) above, the single - coil - with - single - connections feature, had been used in heads similar to plaintiff's. Murphy admitted that the Shure Brothers' head employed this feature. Competent testimony at the trial showed that the choice of single or multiple coils and the placement of coils were well-known alternatives of industrial design. While the single coil was not desirable in multi-channel heads, it was the obvious choice for ease of manufacture in recording heads such as described in the patent in suit.

As to the third claimed significant feature of the patent, (3) above, simplicity of the complete set of parts, the Court sees no inventive significance to this. Many of the references in the prior art contained components and features which would obviously support that conclusion.

At the time of the alleged invention of the patent in suit, Murphy was very familiar with the Shure Brothers' magnetic head—in fact, was seeking to improve upon it. The Shure Brothers' head had a variation in the front gap. Murphy's idea was to obviate the variation by fastening U-shaped core pieces into molded core holder half sections and then grind and lap the surface into a common plane. This was the significant feature stressed before the Patent Office. It was apparently a good one and constituted a marked improvement over the Shure Brothers' design.

But the record shows that the same feature, apparently unknown to Murphy and his partner, Moehring, and undiscovered by the Patent Examiner, was embodied in Kornei, #2,743,527, May 1, 1956 and Eckert, #2,618,709, November 18, 1952.

In determining the question of validity, therefore, it appears that the single issue is as to obviousness under 35 U.S.C.A. § 103. That section provides that:

A patent may not be obtained though the invention is not identically disclosed or described * * * (in the prior art), if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

Several considerations invite our attention in determining whether an alleged invention was obvious under § 103 in light of the applicable prior art. First, under § 103, as contrasted to novelty under 35 U.S.C.A. § 102, obviousness depends on all the prior art rather than a single description within the prior art. Whether a given combination of references within the prior art invalidates a patent for obviousness depends on what such references reasonably and realistically reveal to those ordinarily skilled in the art. Application of Free, 329 F.2d 998 (C.C.P.A.1964). Second, the prior art includes matter found in patent applications filed prior to the application for the patent in suit even though the patents on these prior applications were issued after the filing of the application for the patent in suit. Sperry Rand Corp. v. Knapp-Monarch Co., supra. Third, the state of the pertinent prior art in general, and not merely that portion of the prior art with which a particular patentee was acquainted, is the appropriate background against which to judge whether an alleged invention was obvious to one ordinarily skilled in the art. The alleged inventor is presumed to have had knowledge of all the applicable prior art, whether or not he did in fact. Application of Zenitz, 333 F.2d 924 (C.C.P.A.1964).

Another principle pertinent to the issues here should be borne in mind

and that is whether an alleged invention was obvious under § 103 depends upon the state of the art at a point of time immediately prior to the filing of the patent application. The teachings of the patent in suit must not be read into the prior art so that something unobvious at the time of the alleged invention appears obvious in hindsight. Application of Foster, 343 F.2d 980, 990 (C.C.P.A.1965).

 Attentive to this word of caution against hindsight determination, the Court is satisfied that the evidence in this case demonstrates the invalidity of the patent in suit on the ground of obviousness under § 103. Keeping in mind that obviousness does not require absolute predictability, Application of Graf, 343 F.2d 774, 776 (C.C.P.A.1965), it is our view that there is no substantial difference between the subject matter embodied in the patent in suit and the prior art—*i. e.*, Eckert, Sager, Kornei, Shure Brothers, Latchford and Kleis—and such differences as do exist would have been obvious at the time of the invention to a person having ordinary skill in this art.

The only difference between the disclosures contained in Eckert, #2,618,709 and the patent in suit relate to the location of the magnetic coil. In Eckert the coil is wrapped around the central arm of the core pieces, and in the patent in suit the coil is wrapped around the inner arms of the core pieces. The evidence supports the conclusion that the technique of different placement of coils were well known alternatives of industrial design and would be obvious to any person skilled in the art.

It is my conclusion that claims 2, 3 and 4 of Patent #2,835,742 are invalid under 35 U.S.C.A. § 103. Berry Brothers Corp. v. Sigmon, 317 F.2d 700 (4th Cir. 1963); Griffith Rubber Mills v. Hoffar, 313 F.2d 1 (9th Cir. 1963); Sperry Rand Corp. v. Knapp-Monarch Co., supra; Monroe Auto Equipment Co. v. Heckethorn Mfg. and Supply Co., 332 F.2d 406 (6th Cir. 1964).

Since an invalid patent cannot be infringed, Consolidated Electrodynamics Corp. v. Midwestern Instruments, Inc., 260 F.2d 811 (10th Cir. 1961), the issue of infringement is moot.

Defendant will please prepare appropriate findings of fact, conclusions of law and order for judgment in harmony with these expressions.