47 CCPA

### Application of Games SLAYTER.
### Patent Appeal No. 6516.

United States Court of Customs and Patent Appeals.
March 30, 1960.

James H. Littlepage, Washington, D. C., Staelin & Overman, Toledo, Ohio, Ooms, McDougall, Williams & Hersh, Chicago, Ill. (Herman Hersh, Chicago, Ill., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge C. WILLIAM KRAFT.[1]

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office sustaining the rejection by the Primary Examiner of claims 1 to 4, inclusive, 6, 7, 11, 12, 13, 32, 33, and 34 of appellant's application for a patent on polyphase materials. Claims 1, 4, and 34 are representative and read:

"1. A composite structure consisting of a heterogeneous system formed of a metallic phase uniformly dispersed in fibrous form throughout a continuous phase of a fused ceramic which differs from the fibrous phase in modulus of elasticity.

"4. A composite structure in the form of a heterogeneous system consisting of a high modulus metallic phase in fibrous form dispersed uniformly and interbonded with a continuous matrix of ceramic material having a lower modulus of elasticity than the metal of the fibrous phase dispersed therewith and in which the ceramic had a temperature of fusion which corresponds to the melting point temperature for the metal.

"34. A composite structure consisting essentially of a heterogeneous system formed of materials in different phases which have similar temperatures for plastic working but differing substantially in their moduli of elasticity and in their surface tensions, one material which has the higher modulus of elasticity being present in the heterogeneous system as a fibrous phase, the other material, having the lower modulus of elasticity being a fused phase forming a matrix in which the fibrous phase is dispersed."

The single reference relied on is

Smith 1,556,364 October 6, 1925.

Appellant's application discloses the production of a composite structure of great strength and resistance to cracking. The basic concept involved is that of dispersing fibers of one material throughout a continuous phase of another, the dispersed material having a higher modulus of elasticity than that of the continuous phase, so that the load on the structure tends to be carried by the fibers and the extension of any cracks which may form is restricted. The application describes structures involving various combinations of materials including metal in glass or a ceramic material, and one resin in another resin.

The Smith patent discloses a reinforced glass formed by incorporating short metal filaments in a glass matrix. It is stated that the filaments are preferably so close as to insure thorough overlapping or intersecting, so that a break at any point in the glass will necessarily intersect some of the fibers,

1. United States District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge* O'CONNELL, pursuant to provisions of **Section 292(d), Title 28, United States Code.**

whereby the extent of the break will be limited.

Some of the appealed claims are drawn broadly to the use of materials having different moduli of elasticity, while others are limited to the use of a metal and a ceramic material. It is stated in appellant's specification that the term "ceramic" as used in the specification and claims is to be understood as including glasses of the kind described in the application.

The Smith patent clearly discloses a composite structure formed of metal fibers dispersed in a continuous phase of glass. While Smith does not specify any particular kind of glass or metal except that he prefers a heat resistant metal alloy, we agree with the Patent Office that in the normal practice of the Smith invention the metal would have a higher modulus of elasticity than the glass. The brief for the Commissioner cites standard texts showing that typical heat resistant metal alloys have moduli of elasticity substantially higher than that of glass.

Appellant contends that the metal fibers in the Smith product are not spaced uniformly throughout the glass. It is true that the specific article illustrated by Smith is a lamp shade in which all the metal fibers are adjacent the inner surface of the glass. However, the patent specification makes it clear that this is only one embodiment of the invention, one particularly useful when opaque material is used, and when it is desired to conceal the metal fibers. Where those circumstances do not exist there would be no purpose in concentrating the fibers in one part of the glass.

The specification of the Smith patent contains the following statement:

"These filaments are uniformly distributed throughout the extent of the glass wall of the article in a more or less close arrangement, depending on the degree of reenforcing desired."

Since "extent" is defined by Webster's New International Dictionary, 1957, as "Space or amount to which a thing is extended," the reasonable meaning of the quoted language is that the fibers are distributed into all portions of the glass wall. We are unable to agree with appellant's contention that the use of the word "extent" limits the disclosure to a layer of fibers. It is also to be noted that some of the claims of the Smith patent are limited to the arrangement of the metal fibers in a layer, while others merely state that they are arranged in a haphazard manner. The assertion of such claims clearly indicates that Smith's invention was not limited to the use of a layer of fibers.

Moreover, even if it could be conceded that Smith does not expressly disclose the distribution of metal fibers throughout all parts of a glass article, we think it clear that such distribution would be obvious in view of his disclosure. The statement that the arrangement of fibers depends on the degree of re-enforcing desired would clearly suggest the use of fibers dispersed throughout the glass where a high degree of re-enforcing is required.

For the reasons given, we agree with the board that the references in the appealed claims to the manner and extent in which the fibers are dispersed in the matrix define nothing patentable in view of the Smith disclosure.

Some of the claims state that the fibers and the matrix have "corresponding" or "similar" fusion points or working temperatures. Aside from the fact that these expressions are somewhat indefinite and do not appear to distinguish clearly from Smith, there is nothing of record to show that such similarity of temperatures would produce a product patentably different from one in which the temperatures were not similar. Such similarity may make it easier to make the product, but the appealed claims are drawn to the product itself and not to a method of making it.

The foregoing remarks are also applicable to the limitation in some of the claims to the effect that the fibers and matrix are dissimilar in surface tension.

Moreover, we agree with the Patent Office that the metal and glass of Smith would have different surface tensions under the normal working conditions contemplated by the patentee.

■ We have given careful consideration to appellant's arguments, but in our opinion the appealed claims fail to define anything different from what is fairly disclosed by Smith.

Appellant urges that Smith's metal fibers merely serve to hold the glass together and prevent shattering, whereas appellant's fibers prevent cracking. That distinction is not brought out in the claims and, moreover, appears to involve, at best, only a matter of degree. It is stated in appellant's specification that "Since the fibrous phase having the higher modulus is quickly encountered, the crack will be arrested before it propagates very far into the composite structure." In our opinion, a similar action would take place in Smith's glass, the exact extent of cracking depending in each case on the size and arrangement of the fibers and the point at which the glass is subjected to a cracking force.

■■ Appellant seems to place great reliance on the contention that he has a broad inventive concept involving the use of two classes of materials, which concept is lacking in Smith. Assuming that to be true, it would not justify allowance of claims which are readable on Smith's disclosure, which we think is the case here. It is well settled that a generic claim cannot be allowed to an applicant if the prior art discloses a species falling within the claimed genus; in other words, whatever would infringe if subsequent will anticipate if prior. Peters v. Active Manufacturing Co., 129 U.S. 530, 537, 9 S.Ct. 389, 32 L.Ed. 738; Knapp v. Morss, 150 U.S. 221, 14 S.Ct. 81, 37 L.Ed. 1059; Faries Mfg. Co. v. S. W. Farber Mfg. Co., 2 Cir., 47 F.2d 571, and cases there cited.

We agree with the board that the claims define nothing patentable over the Smith patent. The decision is affirmed.

Affirmed.