**PAID SEARCH ENGINE TOOLS, LLC**

v.

**YAHOO! INC., et al., Defendants.**

**Civil Action No. 2:07–CV–403.**

United States District Court,
E.D. Texas,
Marshall Division.

Sept. 28, 2010.

J. Robert Chambers, Adam G. Pugh, Paul J. Linden, Wood Herron & Evans LLP, Gregory M. Utter, Warren Jeffrey Sefton, Keating Muething & Klekamp PLL, Cincinnati, OH, Charles Ainsworth, Robert Christopher Bunt, Andrew Thompson Gorham, Robert M. Parker, Tyler, TX, Daymon Jeffrey Rambin, Elizabeth L. Derieux, Sidney Calvin Capshaw, III, Capshaw Derieux, LLP, Longview, TX, for Paid Search Engine Tools, LLC.

Douglas E. Lumish, Andrew Louis Perito, Matthew Douglas Powers, Yen P. Nguyen, Weil Gotshal & Manges, Brian C. Cannon, Quinn Emanuel Urquhart & Sullivan, Redwood Shores, CA, Danielle Rosenthal, Peter Sandel, Rebecca E. Fett, Weil Gotshal & Manges, New York, NY, Jennifer Haltom Doan, Joshua Reed Thane, Haltom and Doan, Nicholas H. Patton, Robert William Schroeder, III, Patton Tidwell & Schroeder, LLP, Texarkana, TX, Amy H. Candido, Antonio Sistos, Charles K. Verhoeven, David A. Perlson, Emily C. O'Brien, Rebecca Netter, Quinn Emanuel Urquhart & Sullivan LLP, Bryan K. Anderson, Sidley Austin LLP, San Francisco, CA, David T. Pritikin, Laura L. Kolb, Richard A. Cederoth, Sidley Austin, Chicago, IL, Eric Hugh Findlay, Roger Brian Craft, Findlay Craft, Tyler, TX, Steven Charles Malin, Sidley Austin LLP, Dallas, TX, for Defendants.

### *ORDER*

DAVID FOLSOM, District Judge.

Before the Court is Defendants' Statement of Objections to the Magistrate Judge's Report and Recommendation Regarding Google Inc.'s and Microsoft Corp.'s Motion for Summary Judgment of Invalidity. Dkt. No. 179. Also before the Court are Plaintiff's Response, Defendants' Reply, and Plaintiff's Sur–Reply. Dkt. Nos. 187, 189, and 195, respectively. Having considered all the relevant papers and pleadings, the Court finds that Defendants' Objections to the Magistrate Judge's Report and Recommendation should be **overruled.**

### I. BACKGROUND

On September 13, 2007, Plaintiff Paid Search Engine Tools, LLC ("PSET") initiated this patent infringement suit against Yahoo! Inc. alleging infringement of U.S. Patent No. 7,043,450 ("the '450 patent"). Dkt. No. 1. On February 12, 2008, PSET filed a separate suit against Google, Inc. ("Google") and Microsoft Corp. ("Microsoft") (collectively, "Defendants") also alleging infringement of the '450 patent. *See Paid Search Engine Tools, LLC v. Google, Inc.*, No. 2:08–CV–061 (E.D.Tex.).

On June 4, 2009, the undersigned ordered that the second suit be consolidated with the above-captioned cause. Dkt. No. 62. The undersigned also ordered that the consolidated action be referred to the Honorable Chad Everingham for case management. *Id.* Judge Everingham issued a claim construction order on May 10, 2010, 2010 WL 1904545.[1]

Defendants filed a motion for summary judgment of invalidity as to the '450 patent arguing that claims 12, 13, 15, 18, and 22 are invalid as anticipated by U.S. Patent No. 7,225,151 to Konia ("Konia"). The Federal Circuit recently addressed the scope of Konia in *Bid for Position, LLC v. AOL, LLC,* 601 F.3d 1311 (2010).

Magistrate Judge Everingham issued a Report and Recommendation ("Recommendation") on July 7, 2010 recommending granting in part and denying in part Defendants' motion for summary judgment. Dkt. No. 172. Specifically, the Magistrate Judge recommended granting the motion as to claims 12, 18, and 22 and denying the motion as to claims 13 at 15.

## II. REPORT AND RECOMMENDATION

The Magistrate Judge found that dependent claims 13 and 15 were not anticipated by Konia. Dkt. No. 172 at 9. Claim 13 recites: "The method of claim 12 wherein the identified change creates a differential in offers meeting certain criteria." Claim 15 states: "The method of claim 14 wherein the criteria identify differentials between offers larger than a minimum currency amount."

Defendants argued that Konia anticipates both claims. Defendants cited Konia's disclosure of "If a system finds that

the bidder has achieved the proper position in the search engine with respect to the current term being processed, the system may reduce the bid to a minimum which allows the bidder to keep the position, step 210." *Id.* at 9–10. The "minimum which allows the bidder to keep the position," argued Defendants, corresponded to the "minimum currency amount" of claims 13 and 15. *Id.* at 10.

The Magistrate Judge disagreed and found that the "minimum currency amount" of claims 13 and 15 refers to "the *difference* between bids, not the value of the next lower bid." *Id.* (emphasis in original). The Magistrate Judge found that claims 13 and 15 "thus refer to a minimum increment or decrement in which bids may be raised or lowered" such that "a bid optimization opportunity occurs when the differences between bids exceeds the minimum bid decrement amount." *Id.* Finding this lacking in Konia, the Magistrate Judge recommended denying Defendants' motion as to claims 13 and 15. *Id.*

## III. DEFENDANTS' OBJECTIONS

Defendants object reurging their previous argument that Konia discloses that a bid may be increased or decreased if the difference exceeds a minimum amount. Dkt. No. 179 at 2. Defendants submit that "Konia discloses that '[i]f the system finds that the bidder has achieved the proper position in the search engine with respect to the current term being processed, the system may reduce the bid to a minimum which allows the bidder to keep the position.'" *Id.* at 3. Accordingly, Defendants contend that since the Konia system "may" reduce a bid to a minimum, Konia teaches

---

1. Magistrate Judge Everingham issued an order on September 24, 2010, modifying the claim construction order. Dkt. No. 203. Judge Everingham's modification does not concern a claim implicated by Defendants' motion for summary judgment, the Report and Recommendation, or the present objections.

the very conditional bid changing features required by claims 13 and 15. *Id.* Defendants add, "If the difference between the bidder's bid and the next lower bid did not exceed the 'minimum bid increment or decrement in which bids may be raised or lowered' in the auction system, as required by claims 13 and 15, then Konia could not reduce the bidder's bid without losing the bidder's desired position." *Id.* Defendants also argue that the Recommendation applied an improper claim construction and should not have required proof of invalidity by clear and convincing evidence. *Id.* at 4–5.

## IV. DISCUSSION

### A. Legal Principles

In a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "material" where it involves a fact that might affect the outcome of the suit under the governing law of the underlying cause of action. *See Burgos v. S.W. Bell Tel. Co.,* 20 F.3d 633, 635 (5th Cir.1994) (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). The nonmovant is not required to respond to a motion for summary judgment until the movant first meets its burden of demonstrating that there are no factual issues warranting trial. *Ashe v. Corley,* 992 F.2d 540 (5th Cir.1993). Once the movant has

shown the absence of material fact issues, however, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. 2505.

### B. *De Novo* Review

▮ Anticipation under 35 U.S.C. § 102 means lack of novelty and is a question of fact. *Brown v. 3M,* 265 F.3d 1349, 1351 (Fed.Cir.2001). Anticipation may be decided on summary judgment if the record reveals no genuine issue of material fact. *Leggett & Platt, Inc. v. VUTEk, Inc.,* 537 F.3d 1349, 1352 (Fed.Cir.2008). To anticipate, every element and limitation of the claimed invention must be found in a single prior art reference, arranged as in the claim. *Id.*

In this case, Defendants have not met their burden to demonstrate that no genuine issue of material fact exists with respect to anticipation of claim 13 and 15 by Konia. Claims 13 and 15 disclose creating or identifying differentials. The Court has construed the term "creates a differential in offers meeting certain criteria" to mean "creates a difference between the offer's offer and the offer of other parties that exceeds a minimum currency amount." Although Konia discloses monitoring keyword offers based on bid amounts,[2] there is a question of fact as to whether Konia discloses creating these differences and changing the bid amounts if the difference exceeds a minimum amount. The lan-

---

**2.** *See* Order on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation on Defendants' Motion for Summary

Judgment of Invalidity, filed contemporaneously herewith.

guage of Konia cited by Defendants discusses reducing the bid based on the position achieved, but a fact question exists as to how that position is achieved, i.e., whether differentials are created or identified. Accordingly, as the Magistrate Judge found, summary judgment as to claims 13 and 15 would be improper.

As discussed in the Court's Order on Defendants' Objections to the May 10 Claim Construction Memorandum Opinion and Order, the Court finds no error in the *Markman* Order's construction of "creates a differential in offers meeting certain criteria." *See* Order on Defendants' Objections to the May 10 Claim Construction Memorandum Opinion and Order, filed contemporaneously herewith.

■ Finally, until the Federal Circuit or other binding authority holds otherwise, the presumption of validity must be overcome by clear and convincing evidence. *Iovate Health Sciences, Inc. v. Bio–Engineered Supplements & Nutrition, Inc.,* 586 F.3d 1376, 1380 (Fed.Cir.2009) ("Patents enjoy a presumption of validity, 35 U.S.C. § 282 (2006), and a party seeking to invalidate a patent must overcome this presumption by facts supported by clear and convincing evidence.").

## V. CONCLUSION

For the reasons stated above, Defendants' Objections to the Magistrate Judge's Report and Recommendation Regarding Google Inc.'s and Microsoft Corp.'s Motion for Summary Judgment of Invalidity, Dkt. No. 179, are hereby **OVERRULED.** Further, the Report and Recommendation of the Magistrate Judge, Dkt. No. 172, is hereby **ADOPTED.** Further also, Defendants' Motion for Summary Judgment of Invalidity for Anticipation of Claims 12, 13, 15, 18, and 22 of U.S. Patent No. 7,043,450 Under 35 U.S.C. § 102(e), Dkt. No. 92, is hereby **GRANT-**ED IN PART as to claims 12, 18, and 22 and **DENIED IN PART** as to claims 13 and 15.

**IT IS SO ORDERED.**

### *REPORT AND RECOMMENDATION*

CHARLES EVERINGHAM IV, United States Magistrate Judge.

#### I. Introduction

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pending before the court is the defendants Google Inc.'s ("Google") and Microsoft Corporation's ("Microsoft") motion for summary judgment of invalidity (Dkt. No. 92). Google and Microsoft contend that certain asserted claims of U.S. Patent No. 7,043,450 ("the '450 patent") are invalid due to anticipation. For the reasons stated below, the undersigned recommends GRANTING in part and DENYING in part summary judgment of invalidity. The undersigned concludes that claims 12, 18, and 22 of the '450 patent are anticipated, but claims 13 and 15 are not anticipated.

#### II. Factual and Procedural Background

The '450 patent is entitled "Paid Search Engine Bid Management," and it issued on May 9, 2006. The patent's abstract generally describes the claimed invention as follows:

> A method and apparatus (information processing system) for overcoming deficiencies and inefficiencies in the current paid search engine keyword bidding market, by providing keyword bidders with information they need to better optimize their use of paid search engines. The system accumulates bid amounts for a plurality of target key-

words at one or more paid Internet search engines, and presents the bid amounts to a user, enabling the user to evaluate and optimize bids on those keywords. The system also presents bid amounts for a keyword at one or more paid Internet search engines, in a manner highlighting one or more selected bid amounts of interest to a potential bidder. This permits a bidder to identify the bidder's own bid, and/or to identify a differential in bid amounts that indicates an opportunity for bid optimization. The system further monitors keyword bids at one or more paid Internet search engines to identify bid changes of interest to a potential bidder.

On February 12, 2008, the plaintiff Paid Search Engine Tools, LLC ("PSET") filed suit against Google and Microsoft for infringement of the '450 patent. *Paid Search Engine Tools, LLC v. Google, Inc.*, 2:08–cv–061 (E.D.Tex.). On June 4, 2009, the court consolidated the suit against Google and Microsoft with the lead case, *Paid Search Engine Tools, LLC v. Yahoo! Inc.*, 2:07–cv–403 (E.D.Tex.).

In their motion for summary judgment, Google and Microsoft argue that claims 12, 13, 15, 18, and 22 of the '450 patent are anticipated by U.S. Patent No. 7,225,151 ("Konia"), which is entitled "Online Auction Bid Management System and Method." Google and Microsoft contend that Konia discloses the same method of managing paid search engine bids that is the subject of claims 12, 13, 15, 18, and 22 of the '450 patent. Konia was not considered by the PTO during prosecution of the '450 patent. The Konia patent was filed on January 27, 2007 and issued on May 29, 2007. PSET concedes that Konia is prior art. The Federal Circuit recently construed some of Konia's claim terms in *Bid for Position, LLC v. AOL, LLC*, 601 F.3d 1311 (Fed.Cir.2010).

On February 10, 2010, the court heard the parties' claim construction disputes and arguments regarding the motion for summary judgment under consideration. The court has issued a *Markman* opinion (Dkt. No. 148) and applies those claim constructions to the claims at issue in the motion for summary judgment.

### III. Legal Standards

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–55, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Summary judgment is as appropriate in a patent case as it is in any other case." *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 672 (Fed.Cir.1990). When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548. The court must draw all reasonable inferences in favor of the non-moving party. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed.Cir.2007).

■ A patent is invalid as anticipated if "the invention was described in [ ] an application for a patent ... by another filed in the United States before the invention by the application for patent." 35 U.S.C. § 102(e). If a single prior art reference discloses each and every element of a claim, then that claim is anticipated. *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377 (Fed.Cir.2003). The presumption of validity must be overcome by "clear and convincing evidence," and

this burden of proof applies even when pertinent prior art is not considered by the PTO. *Atlas Powder Co. v. E.I. du Pont De Nemours & Co.*, 750 F.2d 1569, 1573 (Fed.Cir.1984); *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1566 (Fed.Cir.1983). "While anticipation is a question of fact, it may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Leggett & Platt, Inc. v. VUTEk, Inc.*, 537 F.3d 1349, 1352 (Fed.Cir.2008) (internal quotations omitted). Bearing these standards in mind, the undersigned considers the question of anticipation.

## IV. Analysis

### A. Preamble of Claim 12

█ The movants contend that Konia discloses each and every limitation in claim 12's preamble.[1] The preamble of claim 12 reads:

> A method of managing an offeror's offer for a keyword made to a search engine, said offer identifying an amount said offeror will pay upon a searcher's use of an offeror-supplied reference located upon the keyword within said search engine, comprising . . . .

('450 patent, 7:24–28).

According to the plaintiff, Konia does not describe managing offers in the context of pay-per-click search engines. The court has construed the term "search engine" to mean "software that responds to a user's request for sites by producing a list of links to those sites that have submitted offers for keywords."

Konia discloses the management of online auction bids in a variety of contexts, including golf course tee-off times, priority for airline reservations, and products and services. Konia also teaches managing offers for search engine keywords:

> The method may comprise placing bids on a plurality of search terms which may be typed into the search engine by search engine users wherein different ranking is determined for each search term, wherein the ranking of the first hypertext link is higher than the second hypertext link if the first bid is higher than the second bid for each of the plurality of search terms.

(Konia, 1:62–67); *accord Bid for Position, LLC v. AOL, LLC*, 601 F.3d at 1313 (stating that Konia "builds on prior art involving continuous auctions for priority placement in internet search results"). Furthermore, in the Background of the Invention, Konia uses GOTO.com as an example of a search engine on which keyword bids may be placed. (Konia, 1:12–22). PSET acknowledges that GOTO.com was known as a pay-per-click search engine at the time of the '450 patent's filing. As such, the reference to GOTO.com inherently discloses the use of pay-per-click search engines. *See Toro Co. v. Deere & Co.*, 355 F.3d 1313, 1321 (Fed. Cir.2004) (explaining that "a necessary feature or result of a prior-art embodiment . . . is enough for inherent anticipation"). Accordingly, Konia refers to managing keyword offers in pay-per-click search engines and discloses claim 12's preamble.

### B. Receiving an Authorization

The movants contend that Konia discloses the "receiving an authorization from said offeror" element of claim 12. Konia's specification states that "the online bid management system [ ] receives maximum and minimum bids . . . ." (Konia, 3:64–66). PSET does not contest that Konia meets this limitation; therefore, Konia teaches

1. There is no dispute that the preamble operates as a limitation.

"receiving an authorization from said offeror."

### C. Monitoring Keyword Offers

■ According to Google and Microsoft, Konia discloses the following limitation of claim 12: "after receipt of said authorization, monitoring keyword offers at one or more Internet search engines to identify a change in said offeror's offer of interest to said offeror." In response, PSET argues that Konia monitors rankings, not keyword offers. The plaintiff points to several statements in Konia indicating that Konia's monitoring algorithm looks only at relative bid position, not bid amounts. For example, Konia "monitors the current *rankings* in auctions" and "the system checks for whether the bidder's desired *position* is met." (Konia, 1:27–28, 4:50–51) (emphasis added). Thus, according to PSET, the '450 patent is fundamentally different from Konia.

The movants contend that Konia monitors bid amounts as well as rankings. Konia's Summary of the Invention explains that "priority is based on the relative *value* of related bids" and "[t]he method comprises checking for whether a first bid exceeds a second bid." (Konia, 1:36–38) (emphasis added). Likewise, the claims explain that the invention "check[s] for whether a first bid from the first bidder exceeds a second bid from the second bidder." (Konia, claims 1, 11); *accord Bid for Position*, 601 F.3d at 1318 (explaining that "it is the comparison of the bids (i.e., the bid amounts submitted by the bidders) that determines the position of priority"). "Under that formulation, it is clear that checking for whether the first bid exceeds the second bid has the function of determining whether the value of the first bid exceeds the value of the second bid . . . ." *Bid for Position*, 601 F.3d at 1317. Thus,

in determining priority, Konia monitors the bid amounts.

PSET also argues that Konia fails to disclose the optimization of keyword offers, allegedly a key feature of the '450 patent. The '450 patent describes "identifying differentials in bid amounts characteristic of an opportunity for bid optimization, such as differentials between bids larger than a minimum currency amount" and "[b]ids may be decreased whenever a gap . . . exists between the subscriber's bid and the next lower bid. ('450 patent, 2:61–64, 5:67–6:2). In contrast to the '450 patent, according to PSET, Konia performs an inefficient series of increments or decrements of the bid and rechecks the bid position until the desired rank is achieved. PSET argues that Konia's increment and recheck method does not "identify a change in said offeror's offer of interest" as required by claim 12.

Konia does disclose bid optimization, i.e., reducing the gap between the user's bid and the next lower bid:

> Another example allows the bidder to choose a position, such as fourth in the results listing. If the system finds that the bidder has achieved the proper position in the search engine with respect to the current term being processed, the system may reduce the bid to a minimum which allows the bidder to keep the position . . . .

(Konia, 4:55–60). As this passage explains, Konia does more than simply achieve a desired rank—it optimizes the bid by reducing the bid to lowest possible amount while keeping the desired position. As such, Konia necessarily compares the current bid to the next higher bid to identify optimization opportunities.

PSET's attempts to distinguish Konia's increment/decrement method are unavailing. First, nothing in the '450 patent or even PSET's proposed claim constructions

forecloses the use of a multi-step, decrement and recheck algorithm to close a gap and optimize the bids. PSET asserts that claim 12's "monitoring keyword offers" term means "monitoring amounts advertisers have authorized the search engine to charge the advertisers upon a searcher's use of a link associated with a web page of the advertiser."[2] Under either the plain language of the claim or PSET's proposed construction, Konia monitors other bid amounts to determine the minimum bid necessary to maintain the desired position. In addition, the court has construed "identify a change in said offeror's offer of interest to said offeror" to mean "to identify an opportunity to change the offeror's offer based on a difference in bid amounts." In Konia, if the bidder has achieved the proper position, the system identifies a gap between the user's bid and the next lower offer, and then reduces the bid to the minimum. Finally, PSET incorrectly assumes that Konia's decrements and rechecks may take hours or days. Konia says that "[t]he system *may* pause" between the steps of checking and incrementing, (Konia, 1:52–54) (emphasis added); it does not say that the system *must* pause nor that the pause must be lengthy. As such, claim 12's monitoring keyword offers limitation is anticipated by Konia.

### D. Implementing Said Change

■ The movants assert that Konia anticipates claim 12's limitation "implementing said change in said offeror's offer on behalf of said offeror based upon the previously received authorization without further intervention of said offeror." PSET reiterates its argument that Konia monitors only positions not keyword offers. But, as explained above, Konia not only

changes bids to achieve a desired position, it optimizes the bid once the desired position has been achieved. Also, in Konia, the system changes the bid automatically without the user's intervention. Accordingly, Konia discloses this limitation.

There is no genuine issue of material fact that Konia discloses each limitation of claim 12. Therefore, the undersigned recommends granting summary judgment that claim 12 of the '450 patent is invalid as anticipated.

### E. Dependent Claims 18 and 22

Google and Microsoft contend that Konia anticipates claims 18 and 22, which both depend from claim 12. As to these dependent claims, PSET repeats its previous arguments, addressed above, that Konia monitors only positions and not bid amounts.

■ Claim 18 describes, "The method of claim 12 wherein the change comprises decreasing an offer to reduce a gap between the offeror's offer and a lower offer." In Konia, the system looks for differences between the current offer and the next higher offer. (*See* Konia, 4:59–60). If a difference is identified, Konia "decreas[es the] offer to reduce [the] gap" by "reduc[ing] the bid to a minimum which allows the bidder to keep the position." (*Id.* at 4:59–60). As such, Konia teaches "decreasing an offer to reduce a gap between the offeror's offer and a lower offer."

■ Claim 22 reads, "The method of claim 12 wherein said change is generated in response to offered prices and other data." According to the parties' agreed construction, which was adopted by the court, "other data" means "data other than

---

**2.** In its claim construction order, the court concluded that no construction of this term

was necessary.

offered prices." PSET argues that Konia's bid minimums and maximums do not constitute "other data." Assuming this is true, PSET does not explain why Konia's disclosed bid rankings or positions would not qualify as "other data." In its opening claim construction brief, PSET contends that " 'other data' would be understood by a person of ordinary skill in the art as any information in addition to offered prices." (Dkt. No. 91, at 42). Nothing in the '450 patent excludes data such as desired positions or rankings from being "other data." Because Konia describes the additional limitations of these dependent claims, the undersigned recommends granting summary judgment that claims 18 and 22 are invalid as anticipated.

### F. Dependent Claims 13 and 15

Finally, Google and Microsoft argue that Konia anticipates claims 13 and 15. Claim 13 depends from claim 12. Claim 13 reads, "The method of claim 12 wherein the identified change creates a differential in offers meeting certain criteria." The court has construed the term "creates a differential in offers meeting certain criteria" to mean "creates a difference between the offeror's offer and the offers of other parties that exceeds a minimum currency amount." Claim 15 depends from claim 14, which in turn depends from claim 12. Claim 15 states, "The method of claim 14 wherein the criteria identify differentials between offers larger than a minimum currency amount."

In support of their argument that claims 13 and 15 are anticipated, Google and Microsoft cite the following language from Konia's specification: "If the system finds that the bidder has achieved the proper position in the search engine with respect to the current term being processed, the system may reduce the bid to a minimum which allows the bidder to keep the posi-

tion, step 210." (Konia, 4:56–60). According to the movants, Konia's "minimum which allows the bidder to keep the position" corresponds to claim 13 and 15's "minimum currency amount."

The "minimum which allows the bidder to keep the position" refers to the lowest bid that still allows the bidder to maintain his or her desired bid position, e.g., $0.01 more than the next lower bid. On the other hand, in claims 13 and 15, the minimum currency amount refers to the *difference* between bids, not the value of the next lower bid. The specification explains that "[b]ids may be decreased whenever a gap of greater than the minimum bid difference exists between the subscriber's bid and the next lower bid." ('450 patent, 5:67–6:2). Claims 13 and 15 thus refer to a minimum increment or decrement in which bids may be raised or lowered; a bid optimization opportunity occurs when the differences between bids exceeds the minimum bid decrement amount. Although Konia discloses the comparison of bid amounts (*see* Konia 4:52–53), it does not teach that a bid may be increased or decreased only if the difference exceeds a minimum amount. Therefore, the undersigned recommends denying summary judgment that claims 13 and 15 are invalid as anticipated.

### V. Conclusion

As explained above, Konia discloses each limitation of claims 12, 18, and 22. Therefore, Google and Microsoft's motion for summary judgment of invalidity should be granted as to these three claims. But there are genuine issues of material fact regarding the alleged anticipation of claims 13 and 15. Therefore, the undersigned recommends denying the motion for summary judgment of invalidity for claims 13 and 15.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R.Civ.P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).

SIGNED this 7th day of July, 2010.