NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE: DOMINICK THERESA,
*Appellant*

---

2017-1920

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 12/570,827.

---

Decided: January 17, 2018

---

DOMINICK THERESA, Edison, NJ, pro se.

NATHAN K. KELLEY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Joseph Matal. Also represented by THOMAS W. KRAUSE, MARY L. KELLY, PHILIP J. WARRICK.

---

Before PROST, *Chief Judge,* SCHALL and TARANTO, *Circuit Judges.*

PER CURIAM.

Appellant Dominick Theresa is the named inventor on U.S. Patent Application No. 12/570,827 ("'827 application"). Theresa appeals from the decision of the Patent Trial and Appeal Board ("Board") affirming the Patent

and Trademark Office's obviousness rejection of Theresa's application.  We affirm.

BACKGROUND

The '217 application describes a system for identifying and transporting portable memory devices with three color-coded components: labels, attachment members (such as key rings), and wristbands.

The Board considered claim 1 illustrative of the invention, and neither side disputes that conclusion.  It reads:

An identification system comprising:

a plurality of first labels removably carried on at least one substrate, each of the plurality of first labels including a first color thereon, each of the first labels further including a marking selected from either pre-set words or pre-set symbols to identify a content category, the first color being associated with the content category by being placed in juxtaposition with the marking;

a plurality of attachment members, each of the attachment members including the first color thereon and being associated with the content category by matching the first color of plurality of the first labels;

a plurality of wrist bands configured to be wearable on the wrist of a wearer, each of the wrist bands being substantially of the first color and being associated with the content category by matching the color of the plurality of first label;

wherein one of the plurality of first labels is selectable for removable application to a flash memory device to identify the content category of data stored on flash memory device by the marking and the first color, wherein one of the attach-

ment members is configured for removable attachment with an attachment feature of the flash memory device and one of the wristbands is selectable for attachment with the attachment member, the attachment member and the wrist band further identifying the content category of the flash memory device by matching the first color [to] the selected label.

J.A. 416 (citations to figures omitted).

Also relevant to this appeal are dependent claims 5, 20, and 24. Claim 5 depends from claim 1 and recites the system of that claim wherein:

the markings of the first labels include respective words, and wherein the respective symbols are selected from the group consisting of a representation of a music note, a representation of a paper, a representation of a plane and a representation of people.

J.A. 417.

Claim 20 also depends from claim 1 and recites the system of that claim wherein the labels "having a marking including a symbol" are included on a separate substrate from labels with words. J.A. 418.

Claim 24 depends from claim 21 (which recites an assembly of a device in a manner similar to the system of claim 1) and includes the additional limitation that the markings of the labels in claim 21 "include[] a symbol." J.A. 419.

Relying on the combination of U.S. Patent Application No. 2006/0026878 ("Slater"), U.S. Patent No. 3,124,286 to Dompier ("Dompier"), and U.S. Patent Publication No. 2002/0180588 to Erickson ("Erickson"), the examiner rejected claims 1, 3–6, 8, and 19–20 of the '827 application as obvious. Relying on that combination plus U.S. Patent

No. 6,763,410 to Yu ("Yu"), the examiner rejected claims 21–25 as obvious.[1]  The Board affirmed, entering a new ground of rejection for claims 5, 20, and 24.  The Board also denied Theresa's subsequent request for reconsideration.

Theresa now appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

"The ultimate judgment of obviousness is a legal determination" based on underlying factual findings.  *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007).  This court reviews the Board's ultimate obviousness determinations de novo and the underlying factual determinations for substantial evidence.  *Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1364–65 (Fed. Cir. 2015).  The underlying factual findings include findings as to the scope and content of the prior art, the differences between the prior art and the claimed invention, and the presence or absence of a motivation to combine or modify with a reasonable expectation of success.  *Id.* at 1364.

The examiner determined that the four references disclosed all of the limitations of the challenged claims of the '827 application.

The examiner found that Slater disclosed "a set of labels having visual indicators that comprise text and color for recognition of the object that is labeled."  J.A. 427.

---

[1]    Due to cancellation of other claims, the claims at issue here are the only remaining pending claims of the '827 application.  The Board also found claim 25 invalid under 35 U.S.C. § 112(b).  The government does not seek affirmance on that ground, and we need not reach that issue because we affirm the Board's obviousness determination.

Specifically, Slater taught a sheet of pre-printed labels for keys with descriptive words or numbers to identify the function of each key. J.A. 460 ¶ 10. Slater further taught the use of colored labels to associate each color with a function. J.A. 461 ¶ 15. Slater also taught the use of an attachment member, a key ring, on a key labeled according to the disclosed system. J.A. 462 ¶28.

Slater did not disclose the use of a wristband; the examiner relied on Dompier for that limitation. *See* J.A. 5–6. Dompier disclosed a key affixed to a key ring, in turn affixed to a wristband. J.A. 463 Fig. 1, 464 col. 1 ll. 50–54.

The examiner found that Erickson taught "a series of electronic memory devices that are labeled" and acknowledged the "pre-existence of color-coded systems," such as Slater's, that could be combined with Erickson. J.A. 427. Erickson noted that "color-coded file folders" could be "used to help users organize records" wherein the colors could be "used for categories or sorting." J.A. 474 ¶ 32. This system could be used in conjunction with radio-frequency identification ("RFID") tags and certain colored labels could indicate information about those tags. *Id.* An RFID tag "typically include[d] an integrated circuit with a certain amount of memory." *Id.* ¶ 30. Thus, the examiner found Erickson disclosed a color-coded labeling system for indicating memory device content. J.A. 427.

The examiner also found that modifying the combination of Slater in view of Dompier to include a plurality of attachment members, wristbands, and substrates, as required by the '827 application, would have been obvious in view of Erickson's system, because "[d]uplication of parts [was] common and well known in the part [sic] to provide a plurality of parts for a system." J.A. 349; *see also* J.A. 14 (finding a Slater suggests providing a plurality of substrates by teaching substrates with all of the

same labels and substrates with various labels, J.A. 461 ¶ 25).

Finally, the examiner found that Yu supplied the limitation of a flash memory device required by claims 21–25. J.A. 351. Yu disclosed a flash memory device affixed to a key ring. J.A. 482 Fig. 4.

The Board affirmed the examiner's findings, as well as the examiner's conclusion that a person of ordinary skill in the art would have been motivated to combine these references to obtain the benefits of easy identification of Slater and Erickson and the portability of Dompier and Yu.

Theresa contends that no substantial evidence supported the Board's conclusion. We disagree.

Theresa's first argument is that the Board erred in ignoring the limitations of claims 1, 5, 20, and 24, involving marking the labels with "symbols," even though none of the cited references disclosed the use of symbols. (Slater only used words or numbers.) This argument is misplaced.

First, claim 1 requires marking the labels with "pre-set words *or* pre-set symbols." J.A. 416 (emphasis added). "When a claim covers several structures or compositions, either generically or as alternatives, the claim is deemed anticipated if any of the structures or compositions within the scope of the claim is known in the prior art." *Brown v. 3M*, 265 F.3d 1349, 1351 (Fed. Cir. 2001) (citing *Titanium Metals Corp. of Am. v. Banner*, 778 F.2d 775, 782 (Fed. Cir. 1984)). Thus, since Slater undisputedly disclosed the use of pre-determined words, claim 1 can be obvious in light of the prior art even without a reference to symbols. So too with dependent claim 5, which includes a limitation that builds on the alternative limitation in claim 1, while preserving the alternative options.

As to the symbols in claims 20 and 24, "we have long held that if a limitation claims (a) printed matter that (b) is not functionally or structurally related to the physical substrate holding the printed matter, it does not lend any patentable weight to the patentability analysis." *In re Distefano*, 808 F.3d 845, 848 (Fed. Cir. 2015). The Board concluded the printed symbols bear no functional or structural relationship to the labels on which they are printed and thus cannot form a patentable distinction with the prior art references asserted here. We agree.

Theresa's labels relate to the contents of the memory devices labeled, *not* to the labels on which they are printed. Accordingly, we ascribe them no patentable weight.

Theresa also contends the Board erred in relying on Erickson for use of a color-coded system in conjunction with memory devices, because Erickson's claimed invention focused on the RFID tags. True, Erickson's reference to color-coded file folders related to the combination of the RFID system therein with a third-party system that already existed. But Erickson need not be limited to the invention claimed therein; it may be cited for all that it teaches. *See In re Kahn*, 441 F.3d 977, 990 (Fed. Cir. 2006) ("[T]he teaching of [a reference] is not limited to the specific invention disclosed.").

Theresa next contends that substantial evidence did not support finding a motivation to combine these references. Not so.

The examiner found, and the Board agreed that a skilled artisan would have modified Slater to add Dompier's wristband to the key ring already disclosed in Slater to improve portability. J.A. 6, 349. Indeed, Dompier specifically sought to relieve the challenges of removing a key from a handbag or carrying the key accessibly while one's arms are otherwise full. J.A. 464 col. 1 ll. 11–30.

Though Slater disclosed labels for keys, it acknowledged that keys were "just one example" of how the color-coded system disclosed therein could be used. J.A. 461 ¶ 16. "The need for such a product can be found in a number of places where people carry multiple objects that appear the same," such as pill bottles or toothbrushes. *Id.*; *see also* J.A. 460 ¶ 6 (noting that similar labels exist to identify circuit breakers or storage boxes and to convey further information about the labeled items). The examiner found, and the Board agreed, this indicated that Slater's system could be successfully applied to a set of Yu's flash memory devices, and Erickson had already taught the application of a color-coding system to memory devices. J.A. 16–17, 350–51.

Further, the examiner found it would be obvious to extend the color-coding scheme to all of the components of the system to enhance the visual identification features of Slater and Erickson. J.A. 350; *see also* J.A. 462 ¶ 28 (Slater disclosing labeling both sides of a key to enable visibility of the label from multiple angles).

Theresa offers no more than bare contradiction of the Board's motivation-to-combine analysis and contentions that certain individual references fail to disclose certain limitations that the examiner and the Board found in other references. This cannot dislodge the Board's obviousness determination, which is supported by at least the foregoing substantial evidence.

We have considered Theresa's remaining arguments and find they lack merit.

## CONCLUSION

For the foregoing reasons, the Board's determination that claims 1, 3–6, 8, and 19–25 are unpatentable under 35 U.S.C. § 103(a) is affirmed.

## AFFIRMED

COSTS

Each party shall bear their own costs.